## HINKLE *v.* COLLINS.

1. APPEAL FROM JUSTICE'S COURT—DOCKET ENTRIES—CONCLUSIVE-
   NESS OF RETURN.

   Defendants who take a special appeal from a justice's judgment, alleging as error that the docket entry, "judgment against defendant," does not indicate against which of the defendants judgment was rendered, are bound by an amended return, made at their request, whereby it appears that the judgment was against both.

2. SAME—NAMES OF PARTIES—INITIALS.

   That a plaintiff in justice's court has a Christian name other than the initials by which he sues is not established, on special appeal, by the return of the justice to that effect, where there is nothing in the proceedings themselves from which the fact could be judicially ascertained.

113    105
s71ᴺᵂ  481
133   ²525

Error to Lenawee; Lane, J. Submitted April 30, 1897. Decided May 25, 1897.

Trover, in justice's court, by C. G. Hinkle against Horace M. Collins and Merritt Wing. There was a judgment for plaintiff, and, on special appeal to the circuit court, the proceedings were quashed. Plaintiff brings error. Reversed.

*J. C. Winne,* for appellant.

*John Riley* and *Watts, Bean & Smith,* for appellees.

LONG, C. J. This action was commenced in justice's court by summons issued in the name of C. G. Hinkle against H. M. Collins and Merritt Wing, doing business under the firm name of H. M. Collins & Co. The justice's docket shows that on the return day the parties appeared by their attorneys, and, security for costs being demanded, the same was given. The parties then agreed to an adjournment. On the adjourned day plaintiff appeared by his attorney. The docket then reads: "Defendant answered to his name by John Riley, his attorney." The docket further shows that plaintiff then produced witnesses, who were sworn and examined in the cause, and cross-examined by "defendant's counsel;" that "no evidence was offered on the part of the defendant, other than cross-questioning of plaintiff's witnesses. After hearing the testimony and arguments of parties, judgment was rendered forthwith by me against the defendant in favor of the plaintiff for the sum of $23.16 in damages, and $9.50 cost of suit." By special appeal the case was taken to the circuit court, the affidavit alleging as errors:

"1. That the justice, in entering the case on his docket, named plaintiff by his initials instead of his full name.

"2. That the justice, in rendering judgment against defendant, did so without specifying which defendant.

"3. That the justice, in entering the appearance of defendant on the trial day, did so without specifying which defendant appeared."

The justice made a return to the circuit court, setting out a copy of his docket as above. Defendants then moved the circuit court for further return, asking the justice to state:

"1. Who became security for costs in said cause.

"2. If said plaintiff's name is not Charles G. Hinkle; if not, to state what it is.

"3. Also return a copy of summons in said cause.

"4. Also state which defendant Mr. Riley appeared for on February 9, 1894, and state which defendant then appeared.

"5. Also state which defendant judgment was rendered against."

The justice made further return that plaintiff's name is Charles G. Hinkle; that both defendants appeared on the adjourned day, by John Riley, attorney; and that he entered judgment against H. M. Collins & Co. On the hearing of the special appeal in the circuit court, the court found that the judgment of the justice "is uncertain, void, and of no effect," and thereupon quashed the proceedings, with costs against the plaintiff and his security for costs. Plaintiff brings error.

The defendants having asked a further return, and it having been made, they are now bound by it. The amended return shows that both defendants appeared, and the judgment was rendered against both. By the appearance of the plaintiff and both the defendants the justice had jurisdiction to hear and determine the cause.

The only question, then, remaining, is whether the plaintiff could sue by the initials to his name, without stating his full Christian name. In *Fewlass* v. *Abbott*, 28 Mich. 270, it was held that the objection to the name in which the suit was brought by the plaintiff was not well taken; that it will not be presumed, for the purpose of invalidating the judgment in his favor, and in the absence of any showing upon the subject, that the plaintiff has any other name than the one used. In that case the plaintiff sued in the name of O. B. Abbott. The

same rule was laid down in *State* v. *Webster*, 30 Ark.
166; *Burford* v. *McCue*, 53 Pa. St. 427; *Dana* v. *Fied-
ler*, 12 N. Y. 40 (62 Am. Dec. 130); *Perkins* v. *McDowell*,
3 Wyo. 328. In the latter case the court said:

"While it does not occur frequently, there are many
instances when single letters constitute the only Christian
name. We cannot, then, judicially know that the letters
'J. M.' are not a name, and, as the petition does not dis-
close that the letters 'J. M.' are not the Christian name
of the plaintiff, it follows that there is no defect apparent
on the face of the petition."

But counsel for defendant contend that the amended
return of the justice shows that Mr. Hinkle's Christian
name is Charles. The justice's summons, his docket
entries, and the whole proceedings had before him were
returned by the first return. Mr. Hinkle, as appears by
the docket, was sworn as a witness, and every entry in
the summons and on the docket shows that his Christian
name is C. G. It is not made apparent from any of
the papers how the justice could judicially know that the
name was any other than C. G.

We think the court was in error in reversing the judg-
ment of the justice. That judgment will be reversed,
with costs of this court to plaintiff. Inasmuch as the
circuit court had jurisdiction of the case upon the appeal
of defendants, the cause must stand for hearing in that
court on the merits.

The other Justices concurred.