STEVER *v.* BROWN.

1. REPLEVIN—NAMES OF PARTIES—COPARTNERSHIP.

An affidavit for a writ of replevin by Henry H. S., described as "one of the firm of A. E. and H. H. S.," alleged that a certain chattel, "of the personal goods and chattels of the said firm of A. E. and H. H. S., is unlawfully detained * * * by Horace B., and that said A. E. and H. H. S. are now lawfully entitled to the possession of the said goods and chattels; * * * that said goods and chattels have not been taken for any tax * * * against the goods and chattels of said A. E. and H. H. S.; and that said A. E. and H. H. S. claim," etc. The writ commanded the delivery of the property to "A. E. and H. H. S., copartners, plaintiffs herein." *Held,* that the action was not brought in the name of the copartnership, but in the names of the copartners.

2. PARTIES—DESIGNATION—USE OF INITIALS—AMENDABLE DEFECT.

The use of an initial letter instead of the Christian name of the plaintiff in instituting suit is a defect that may be cured by amendment, by the insertion of the complete name, where there is no question as to the identity of the parties.

3. SAME—OBJECTIONS—HOW RAISED—MOTION TO DISMISS.

A misnomer of plaintiff in a justice's writ may be taken advantage of as well by motion to dismiss as by plea in abatement.

4. SAME—PLEA TO MERITS—JUDGMENT.

A judgment for plaintiff in replevin will not be reversed for failure to amend a defect in the writ, consisting of the use of an initial letter instead of the full Christian name of the plaintiff, where defendant pleaded to the merits.

5. REPLEVIN—SUFFICIENCY OF AFFIDAVIT.

2 How. Stat. § 6856, requiring an affidavit for a writ of replevin in justice's court to show that the property involved was not "taken for any tax, assessment, or fine, * * * nor seized under any execution or attachment against the goods and chattels of the plaintiff," is sufficiently complied with where the affidavit of one of two persons joined as plaintiffs states that the property was not taken "for any tax * * * against the goods and chattels of said" plaintiffs ( naming them ).

Error to Muskegon; Russell, J.  Submitted October 19, 1898.  Decided January 3, 1899.

Replevin by A. E. and H. H. Stever against Horace Brown.  From a judgment for plaintiffs, defendant brings error.  Affirmed.

*F. W. Cook* and *J. E. Sullivan,* for appellant.

*Lyon & Hadsall,* for appellees.

HOOKER, J.  An action of replevin was brought in justice's court upon an affidavit made by Henry H. Stever. It alleged that:

"Henry H. Stever, one of the firm of A. E. and H. H. Stever, copartners, being sworn, says that one bicycle, * * * of the personal goods and chattels of the said firm of A. E. and H. H. Stever, is unlawfully detained * * * by Horace Brown, and that said A. E. and H. H. Stever are now lawfully entitled to the possession of the said goods and chattels.  And deponent further says that said goods and chattels have not been taken for any tax * * * against the goods and chattels of said A. E. and H. H. Stever, and that said A. E. and H. H. Stever claim $100 damages," etc.

The writ commanded the delivery of the property to "A. E. and H. H. Stever, copartners, plaintiffs herein."

The defendant appeared specially for the purpose of a motion to quash upon the grounds:

1. Because the affidavit does not show that the property described was not taken for some tax, fine, or assessment, or upon execution against either of the plaintiffs.

2. Because the action was brought in the name of a firm, and not of its individual members, and because the names of the persons composing the firm are not given, and it not appearing that they were unknown, as the affidavit was made by one of said members, who should be presumed to know them.

This motion was overruled, and a plea of the general issue was then filed, and trial had, resulting in a judgment for the plaintiffs.  The case was taken to the circuit court

by special appeal; the errors alleged being those stated, and the further point that the affidavit was "not sufficient in law to authorize the issuance of the writ of replevin." Upon the hearing the special appeal was dismissed, and, on trial of the cause, a verdict and judgment were rendered in favor of the plaintiffs. The defendant has brought the case to this court by writ of error, and the questions stated are again presented.

It is an ancient rule of the common law that parties must sue by their Christian and sur names, and that anything less is insufficient; and it was also a rule that actions should be brought in the names of copartners, and not of copartnerships. The latter rule is relaxed in this State by 2 How. Stat. § 6872, which permits actions to be brought in the firm name where the names of the persons composing it are, not known, and gives to plaintiffs in such cases the right to amend by inserting the names of the partners at any time before the pleadings are closed. There is force in the claim that this action was not begun in the name of the copartnership, but in the names of A. E. Stever and H. H. Stever, and that the affidavit implies that the firm consists of these two persons, and states that they (not the firm) are entitled to the possession of the chattels, and that the property is not held under any seizure, etc., against the goods and chattels of the Stevers (not the firm), and that the damages are claimed by them, and that, while "A. E. and H. H. Stever" may be the firm name, it is also an easy way of naming two persons, i. e., A. E. Stever and H. H. Stever, and it was apparently so treated by the justice in making his writ. The writ speaks of them as "plaintiffs," not "plaintiff," indicating that the two Stevers were understood to be the parties to the action, and that they sue as copartners. We may, therefore, hold that the action was not commenced in the name of a partnership, and, if an amendment of the names of the plaintiffs was necessary, it was not by reason of the application of section 6872, but because the Christian names were not given.

The reason given for the requirement that parties should sue by their Christian as well as sur names is that a defendant has a right to be assured of the identity of the person who sues him. See *Fisher* v. *Northrup*, 79 Mich. 287 (7 L. R. A. 629). Bacon declares that "it is repugnant to the rules of the Christian religion that there should be a Christian without a name of baptism." 7 Bac. Abr. 7. This is a clue to the origin of the rule adhered to in *Schofield* v. *Jennings*, 68 Ind. 234, *i. e.*, that since the time of William of Normandy "a full name consists of one Christian and one sur name; the two, using the Christian ·name first, constituting the legal name." There are persons, however, whose only name, aside from the surname, is an initial letter, and the courts of this country have recognized them as substitutes for full Christian names. There is some reason for thinking that at one time the courts recognized vowels only as substitutes for Christian names. Thus, Maule, J., said in the case of *Lomax* v. *Landells*, 6 C. B. 577, that "a vowel, which is itself a word, and may be pronounced separately, may be a name, though a consonant, which is incapable of being pronounced without the addition of a vowel, cannot." See, also, *Kinnersley* v. *Knott*, 7 C. B. 980; *Nash* v. *Collier*, 5 Dowl. & L. 341. But see *City Council* v. *King*, 4 McCord, 487.

In *Nelson* v. *Highland*, 13 Cal. 74, Baldwin, J., said, "We cannot judicially know that one of the plaintiffs had either a Christian or a heathen name, or that it is necessarily untrue that he has forgotten it." In our own case of *Fewlass* v. *Abbott*, 28 Mich. 270, this court refused to presume that a man had any other Christian name than an initial, for the purpose of setting aside a judgment. No distinction was made between vowels and consonants. This case is wholly at variance with the claim that proceedings are necessarily and absolutely void where no further Christian name than an initial appears; and, this being true, there is no difficulty in curing any defect by the insertion of the true and complete Christian name, if there be one, by amendment, so long as there is no ques-

tion of identity of parties involved.   By recognizing initials as names, the use of the initial, instead of the full Christian name that it represents, is merely a misnomer, just as it would be if a wrong Christian name should be used; and the rule in many jurisdictions is that misnomers of plaintiffs must be pleaded in abatement.   See 17 Am. & Eng. Enc. Law, 605.   But, as said by Mr. Tiffany (Justices' Guide, 181), there is confusion upon this point; and the case of *Fisher* v. *Northrup*, 79 Mich. 287 (7 L. R. A. 629), would seem to permit the question to be raised by motion, as in this case.   That case, however, implies that the justice might have amended the writ, and, therefore, that his writ was not void; and there is nothing in it to imply that pleading to the merits would not waive the defect.

Under the case of *Fewlass* v. *Abbott, supra*, had the affidavit not shown that H. H. Stever had a Christian name, the judgment could not be disturbed, as that is the only proof that either party had a Christian name.   As it did, the justice should have amended his writ, the affidavit furnishing the necessary evidence to base an amendment on; and the judgment not being void, and it being appealed from, the circuit court had authority to make the amendment.   Instead of doing so, it was disregarded, which, in view of defendant's plea to the merits, we think was not error.   See *Emerson* v. *Spring Co.*, 100 Mich. 127; *Barber* v. *Smith*, 41 Mich. 143; *Dailey* v. *Kennedy*, 64 Mich. 208.

The affidavit, in substance, stated that the property was not taken for any tax, etc., against the property of the plaintiffs.   We think this complies with the statute, to all intents and purposes.   The statute (2 How. Stat. § 6856) states the form to be followed, and, had the word "plaintiffs" been used, we think it would have been sufficient. Instead of that, he used the name "A. E. and H. H. Stever," which, under the construction given to the use of that term, was equivalent to the word "plaintiffs."

The judgment is affirmed.

The other Justices concurred.