VICBORN v. POLLOCK.

1. JUDGMENTS — COLLATERAL ATTACK — NAME OF DEFENDANT — INITIALS.

   A judgment cannot be attacked collaterally on the ground that defendant was described by his initials only, instead of his full Christian name; the record containing nothing to show that he was known by any other name than that given.

2. REPLEVIN—EXECUTION—EVIDENCE—HARMLESS ERROR.

   In replevin for property seized on execution against plaintiff's husband, defendant was not prejudiced by the exclusion of the writ under which he claimed, where the court charged the jury that plaintiff could recover only such property as she had shown belonged to her.

3. SAME—JUDGMENT.

   Where, in replevin for property seized on execution against plaintiff's husband, property belonging to the husband, and not covered by the replevin, was included in that turned over to plaintiff, defendant was entitled to a judgment for the return thereof, or its value.

Error to Cass; Carr, J. Submitted May 14, 1903. (Docket No. 79.) Decided June 23, 1903.

Replevin by Florence E. Vicborn against Arthur L. Pollock. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Modified.

*Coy W. Hendryx* and *James H. Kinnane*, for appellant.

*C. M. Lyle* and *Harsen D. Smith*, for appellee.

GRANT, J. One Burgette L. Dewey recovered a judgment against one H. P. Vicborn in justice's court for $26.65. Vicborn was a married man. He was about to leave Dowagiac, where he lived, to move to another part of the State. His goods were packed in a car ready for shipment by rail. The constable to whom the writ of

execution was issued levied upon all these goods. While the inventory was being taken, plaintiff, the wife of H. P. Vicborn, caused a writ of replevin to be issued out of a justice's court, describing certain of these goods, which she alleged were her property. The officer seized the goods by virtue of this writ. He found the goods in the basement of a store. The entire lot was taken, placed by a drayman on board the cars, and shipped. Property was taken not covered by the writ of replevin. The court directed a verdict for the plaintiff for such of the property as was shown to be hers, but refused to direct a verdict for the defendant for the property taken upon the writ which belonged to her husband. He also directed a verdict for plaintiff for nominal damages of six cents.

In the suit of *Dewey* v. *Vicborn,* the defendant was named H. P. Vicborn. There was no appearance by him. It nowhere appeared upon the record that he was known by any other name. The court excluded the record of that suit, and the execution and levy thereunder, as void, because the Christian name of defendant was not given. In this the court was in error. The judgment was valid under *Hinkle* v. *Collins,* 113 Mich. 105 (71 N. W. 481), and *Stever* v. *Brown,* 119 Mich. 196 (77 N. W. 704), and authorities there cited, and cannot be collaterally attacked. But this erroneous ruling was without prejudice, because the judge expressly charged the jury that plaintiff could recover only such things as she had proven to be her property.

Whether plaintiff was responsible for taking goods not described in the writ does not appear. They were taken by the officer, who, by her direction, employed a drayman to convey them to the car for shipment. The officer delivered all the property to her. The court held that the right to the property belonging to her husband must be determined in another suit. We think the court in error. The officer took all the property, both that belonging to the wife and that of the husband, under the writ, evidently supposing that it was all covered by his writ. He

delivered the same to the plaintiff. It was her duty to return to the defendant that which the jury found belonged to the husband, and that not described in the writ, as the defendant had a lawful right to levy upon it by virtue of his execution.

The judgment must be so modified as to direct a return or the value of the property which the jury found belonged to the husband. The case will be remanded, with instruction to the court below to enter such a judgment. Defendant will recover costs.

The other Justices concurred.