THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL REILLY, Plaintiff in Error.

*Opinion filed February 20, 1913.*

1. CRIMINAL LAW—*object, in criminal prosecution, of naming the person injured.* In a criminal prosecution the object of naming the person injured is to identify him, so that the accused can not be tried twice for the same offense.

2. SAME—*court will not assume that letters are merely initials.* There is no presumption that letters preceding a surname are merely initials, and a court will not assume, without proof, that the letters are not the full christian name of the party. (*Willis v. People,* 1 Scam. 399, explained.)

3. SAME—*question whether letters are initials cannot be raised on the indictment, alone.* Even though it were held that it is necessary, in an indictment for assault, to describe the party assaulted by his full christian name, yet the question whether letters preceding the surname of such party are merely initials cannot be raised on the indictment alone, without proof.

4. SAME—*when question of variance as to a name cannot be raised.* Where the instructions for the accused in a prosecution for assault with a deadly weapon refer to the person assaulted as "M. C. Connors," the same as such person is described in the indictment, no question can be raised of a variance between the name proved and the name given in the indictment.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, FRANK T. SHEEAN, State's Attorney, and THOMAS E. GILL, (FRANKLIN J. STRANSKY, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Michael Reilly, was indicted and tried in the circuit court of Jo Daviess county and found guilty of an assault with a deadly weapon with intent to inflict

bodily injury where no considerable provocation appeared. He was sentenced to the county jail for one hundred days and fined $100 and costs and ordered committed to the county jail until said fine and costs were paid. He sued out a writ of error from the Appellate Court for the Second District, where the judgment of the circuit court was affirmed. This writ of error was then sued out.

The only question raised on this record is that the indictment under which Reilly was tried is insufficient to support the conviction because it describes the person injured as "M. C. Connors." The authorities are not all agreed as to the use of an initial for the christian name of a party in an indictment in a criminal case, whether he be the defendant, the complaining witness, or any other individual that it may be necessary to name in describing the offense. Nothing is found in this record indicating that the prosecuting witness, Connors, had any other christian name than "M. C." Even if it should be held that the full christian name of a third party necessary to the description of a crime should be given in the indictment, most authorities hold that the question whether letters are the full christian name cannot be raised on the indictment alone, without proof. In Bishop's New Criminal Law (1895 ed.) that author says (sec. 685): "If a single letter occupies the place for a name, doubtless the court cannot judicially discern that it is an initial instead of a name,—certainly it cannot know what is the name for which it stands. And there is no reason why the letter should not be deemed, in fact, a name, the same as are many letters. Hence if one is commonly designated by initials for his christian and middle name, so that they indicate plainly who is meant, it is the doctrine to which the tribunals have been tending, and most of them have reached, that such initials are adequate in the indictment." Lord Campbell, when an objection was made to certain papers in criminal proceedings because only the initials were given instead of the christian

name, remarked: "I do not know that these are initials; I do not know that they [the persons referred to] were not baptized with those names." (*Regina* v. *Dale,* 5 Eng. L. & Eq. 360.) The court will not assume, without proof, that the letters are only initials. (14 Ency. of Pl. & Pr. 274; 10 id. 506.) The weight of authority agrees with Lord Campbell's holding, that the christian name may consist of a single letter or letters. There is no presumption that they are merely initials rather than the full name of the party designated. (29 Cyc. 269, and cases cited; 21 Am. & Eng. Ency. of Law, (2d ed.) 308, and cases cited; Joyce on Indictments, sec. 215; *Eaves* v. *State,* 113 Ga. 749; *State* v. *Appleton,* 70 Kan. 217; *State* v. *Cameron,* 86 Me. 196; *Brown* v. *Commonwealth,* 86 Va. 466; *Perkins* v. *McDowell,* 3 Wyo. 328; *Hinkle* v. *Collins,* 113 Mich. 105; *Tweedy* v. *Jarvis,* 27 Conn. 42; *Stratton* v. *McDermott,* 131 N. W. Rep. (Neb.) 949; *State* v. *Black,* 31 Tex. 560.) It has been stated by this court that the "initial letter of the christian name is so commonly used that it is to be regarded, not as the name of some other person, but as an abbreviation of the christian name of the person intended." *Illinois Central Railroad Co.* v. *Hasenwinkle,* 232 Ill. 224; *Claflin* v. *City of Chicago,* 178 id. 549. See, also, Wharton's Crim. Pl. & Pr. sec. 117.

Counsel for plaintiff in error relies chiefly on *Willis* v. *People,* 1 Scam. 399, where the indictment alleged the goods to be the property of "T. D. Hawke and E. Dobbins, doing business in the town of Equality under the style and firm of T. D. Hawke & Co." While it is assumed in that case, without discussion, that a man's christian name can not·be an initial, the case was reversed on the ground that the evidence showed that the residence of the owners was known, and the least inquiry would have enabled the prosecution to have obtained and inserted the christian names in full. Since that decision was rendered this court has in

certain cases laid down a doctrine on the question of initials that is not in harmony with the rules there laid down.

In *Little* v. *People*, 157 Ill. 153, in discussing the question of variance where the indictment gave the name John F. Hinckley as the name of the person injured, while the name, as shown by the evidence, was J. F. Hinckley, this court said (p. 156): "The use of the initial letters in place of the full christian name has become general among all classes of people, and a judgment of conviction otherwise free from error ought not to be reversed because in the evidence the christian name of the owner of the property stolen was proven only to the extent of the initials. No question was raised on the trial that the witness J. F. Hinckley, who testified to the theft of the diamond from his person, was not the John F. Hinckley named in the indictment. There can be no reasonable doubt as to the identity, and it will be presumed that the John F. Hinckley named in the indictment and the J. F. Hinckley mentioned in the proof as the owner of the property are one and the same person." This court in that case said that the object in naming the injured person in a criminal prosecution was for the purpose of identity, so that the accused could not be twice tried for the same offense, and that is the reason laid down by all the authorities. No question is raised in this record of the identity of the complaining witness.

In *Vandermark* v. *People*, 47 Ill. 122, the indictment charged Vandermark and others with an assault upon D. R. Linville, with intent to commit murder. In discussing the question whether the initials of the prosecuting witness were sufficient in the indictment this court stated (p. 124): "It is said that the full christian name of the prosecuting witness should have been given and that the initials were not sufficient. It is a rule of pleading that the name of the person receiving the injury, when known, must be set out in the indictment, that the accused may know of what particular offense he is charged. But when the person is

described by the initials of his christian name, and he is as well known by that as his full name, the object of the rule is obtained and no error is committed, and it is a question for the determination of the jury whether he was known in the community as well by that as his full name. In this case the jury so found upon the evidence."

Counsel for plaintiff in error has furnished a certified copy of the original indictment in the *Vandermark case* just referred to, and it there appears that the indictment specifies "D. R. Linville, whose full christian name is to the grand jurors unknown." It is therefore insisted by counsel for plaintiff in error that the rule laid down in this decision, as just quoted, goes too far, in view of the form of the indictment in that case. We do not so think. While in the earlier cases the rule may have been otherwise, in this and other jurisdictions, we think, not only on principle but by the great weight of authority, the rule now is that the court will not assume, without proof, that letters are only initials and may not be the full and proper christian names. This court, in discussing the identity of the party killed, whose name was given in the indictment as Wesley Johnson, held that the identity was established although the witnesses only spoke of the Johnson killed as "Johnson the barber." One of the reasons given by the court for holding that the person was properly identified was, that the prisoner's counsel, in instructions asked of the court, referred to the person killed as "Wesley Johnson." (*Shepherd* v. *People,* 72 Ill. 480.) The question of identity came up under another indictment for the murder of one John Young, Jr., where the proof showed the murder of Johnnie Young, and this court held that the prisoner's counsel had asked for an instruction in which the person killed was referred to as John Young, Jr., and could not raise the question of variance between the proof and the indictment. (*Bonardo* v. *People,* 182 Ill. 411.) Several instructions in this case were given on behalf of plaintiff in

error referring to the person assaulted as "M. C. Connors." Under these authorities no question can be raised on this record of a variance between the proof and the name as found in the indictment, hence the case of *Aldrich* v. *People,* 225 Ill. 610, is not in point on the vital question here.

Under any view as to the rule of law that should govern this question on this record, the judgment of the Appellate Court for the Second District should be affirmed.

*Judgment affirmed.*