329 So.2d 142

**In re Eugene Bizell PENDLETON, Jr.**

v.

**STATE.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 1547.**

Supreme Court of Alabama.

Jan. 9, 1976.

J. Louis Wilkinson, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

SHORES, Justice.

The Court of Criminal Appeals reversed the murder conviction of Eugene Bizell Pendleton, Jr. because the indictment as shown by the record failed to set forth the *quomodo* of the homicide, 57 Ala.App. 452, 329 So.2d 140. The court held that the conviction could not stand, relying exclusively on *Nelson v. State,* 50 Ala.App. 285, 278 So.2d 734 (1973).

The attorney general submits that only through a typographical error in the circuit clerk's office was the means of the crime accidentally omitted from the record which was submitted to the Court of Criminal Appeals.

Under Rule 2(b) of our new Rules of Appellate Procedure, "In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction . . ." Rule 49 provides that Rule 2(b) shall be effective as of August 1, 1975, and apply to appellate rules then in effect and also to the new rules. Since this appellate proceeding was initiated after that date, we have the authority to suspend old Rule 18 which required a petition for certiorari to correct the record to be filed before submission.

Rule 10(f), ARAP, provides in part:

". . . If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. . . ."

We suspend old Rule 18 and, under Rule 10(f), ARAP, direct the trial court to certify to this court a supplemental record in this case to reflect a true copy of the indictment returned by the grand jury and submitted to the petit jury in the trial of this case.

The state's petition for certiorari to correct the record is granted.

WRIT GRANTED.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.