Assault with a deadly instrument on a peace officer engaged in active discharge of his lawful duties; sentence: twenty years.
In the early morning hours of February 7, 1976, two Opp police officers, Hyrum W. Turner and Lawrence Nelson, were called to a local drive-in restaurant to investigate a reported disturbance. They heard a shot and went to a window of the restaurant. There they saw the appellant with a gun. Turner told the appellant to drop the gun and come outside. The appellant pointed the gun in their direction, and they stepped away from the window.
Turner and Nelson then took refuge around behind the corner of the building. Turner said appellant ran out of the building and fired a shot "toward the highway." The testimony on direct and cross-examination is cloudy as to the direction in which the shotgun was fired. Witness Turner was pointing out locations on a blackboard, not shown in the record, which makes the actual locations of the officers difficult for us to determine. In any event, Turner's testimony places him and Nelson close together when the appellant discharged the gun:
"Q. Where was Officer Lawrence Nelson?
 "A. He was standing around behind the building beside me."
From the State's proof, we believe the jury could have found beyond a reasonable doubt that the appellant fired a shotgun in the general direction of both officers. Thus, the evidence established a prima facie case against the appellant of assaulting the peace officers with a deadly weapon during the performance of their lawful duty.
The appellant contends his conviction should be reversed due to the trial court's alleged error in denying the appellant's motion to quash the indictment.
Omitting the formal parts, the indictment reads as follows:
 "THE GRAND JURY OF SAID COUNTY CHARGES, THAT BEFORE THE FINDING OF THIS INDICTMENT, JAMES ANDREWS, WHOSE NAME IS UNKNOWN TO THE GRAND JURY OTHER THAN AS STATED, DID INTENTIONALLY AND UNLAWFULLY COMMIT AN ASSAULT WITH A DEADLY INSTRUMENT, TO-WIT: A SHOTGUN, UPON A PEACE OFFICER OR OTHER LAW ENFORCEMENT OFFICER OF THIS STATE OR ANY POLITICAL SUBDIVISION OF THIS STATE, WHILE SAID OFFICER WAS ENGAGED IN THE ACTIVE DISCHARGE OF HIS LAWFUL DUTY OR DUTIES."
The above indictment does not state the name of the peace officer who was intentionally or unlawfully assaulted. From the evidence presented at trial, the jury could have concluded that the appellant's one shot was an assault against either or both Turner and Nelson. The trial court charged the jury that in order to find the appellant guilty, they must believe beyond a reasonable doubt that he assaulted Turner.
 I
The State contends that a demurrer, not a motion to quash, is the normal procedure to raise defects going to the validity of the indictment. We agree. McKinney v. State, 50 Ala. App. 271,278 So.2d 719, cert. denied 291 Ala. 789, 278 So.2d 724 (1973). However, due process dictates that a defect associated with an essential element of the *Page 535 
offense which leaves the accused unaware of the nature and cause of the charge against him cannot be waived by failure to timely demur. Hornsby v. State, 94 Ala. 55, 10 So. 522 (1891);Flippo v. State, 49 Ala. App. 138, 269 So.2d 155 (1972); Jeterv. State (1976), Ala.Cr.App., 339 So.2d 91; Nelson v. State,50 Ala. App. 285, 278 So.2d 734 (1973); Pendleton v. State,57 Ala. App. 452, 329 So.2d 140 (1976), remanded on other grounds295 Ala. 325, 329 So.2d 142, 144.
An indictment to be sufficient must meet inter alia the following two criteria as set forth in Russel v. United States,369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) and in Gaydenv. State, 38 Ala. App. 39, 80 So.2d 495, affirmed 262 Ala. 468,80 So.2d 501 (1954-55):
(a) The indictment must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet; and
(b) In case other proceedings are taken against the defendant, the record must show with accuracy to what extent he may plead a former acquittal or conviction.
Criteria (b), as to future prosecutions, is satisfied as the entire record of the trial proceedings here could be relied upon by the appellant. Clay v. United States, 326 F.2d 196 (10th Cir. 1963). But, from reading the indictment, one could not determine if it charges an assault against some officer which had previously been adjudicated. (This would necessarily have to include an assault on any peace officer of the state orany political subdivision of the state committed any time within the statute of limitations.) The defendant has no right to discovery, such as a bill of particulars or post-indictment preliminary hearing. The indictment is all the notice he gets of what he is called upon to defend against. See: Chief Justice Heflin's dissent in Adkins v. State, 291 Ala. 695,287 So.2d 451 (1973).
Criteria (a) was not satisfied in the instant indictment, therefore, the appellant's conviction must be reversed and remanded. Lashley v. State, 28 Ala. App. 86, 180 So. 720, cert. denied 236 Ala. 28, 180 So. 724 (1938). The appellant could not know from the indictment the name of the peace officer he was charged with assaulting. There is nothing contained in the record which would indicate that the appellant knew any of the officers at whom he allegedly fired until the State put on its case at trial. Indeed from the record, it could be argued that the appellant did not know who he was charged with assaulting until the trial court gave its oral charge to the jury at the end of the trial. It cannot be seriously contended that the indictment sufficiently apprised the appellant of what he must be prepared to defend against.
The State seems to argue that the phrase, "peace officer or other law enforcement officer of this state or any political subdivision of this state," was sufficient to apprise the appellant of whom he allegedly assaulted. This argument is analogous to saying that one would be sufficiently apprised by an indictment for common law assault if the person assaulted was merely designated by their occupation, such as an elementary school teacher. We believe the analogy points out the weakness of the State's position.
When injury to the person of another is the offense charged, a material and essential averment of the indictment is the identity of the person injured. Lashley, supra; People v.Reilly, 257 Ill. 538, 101 N.E. 54 (1913). Historically this requirement was especially stringent. 41 Am.Jur.2d, Indictments, § 129; 29 A.L.R. 1120; Illinois v. Gormach,302 Ill. 332, 134 N.E. 756 (1922).
Naming the victim of an assault, if known, has been essential to a valid indictment at common law since at least 1597:
 "(iv) The name of the victim of the crime, if known, must be inserted. If not known he must be described as `quidam ignotus.'" Long's Case (1597) Cro.Eliza., p. 490; Holdsworth, A History of English Law, Vol. III, p. 617.
 II
The State contends that Title 15, § 232, Code of Alabama 1940 (Recompiled *Page 536 
1958) allows a description of the offense in the indictment in the terms of the statute enacting it where the state creates a new offense. Clark v. State, 19 Ala. 552 (1851). We agree. However, it is equally true that the above does not apply when the statute does not prescribe with definiteness the constituents of the offense. Mitchell v. State, 248 Ala. 169,27 So.2d 36 (1946). In Haynes v. State, 53 Ala. App. 441,301 So.2d 204, rev'd. 293 Ala. 221, 301 So.2d 208 (1974), the case of United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819 (1877) was quoted as follows:
 "`Where the offense is purely statutory, having no relating to the common law, it is, "as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." 1 Bishop, Crim.Proc., sect. 611, and authorities therein cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute.'"
The State cites Adkins v. State, supra, for the following:
 ". . . [I]t is not necessary to name the vendee of the drugs in the indictment, when the identity of the purchaser is not an element of a crime, the gravamen of which is the unlawful sale.
* * * * * *
 ". . . [I]t is not necessary for an indictment for selling narcotics, including the `controlled substances' listed in the statute, to contain the name of the vendee."
Adkins is admittedly analogous to the present case, however, it must be distinguished. Adkins dealt with the unlawful sale of narcotics and controlled substances where the victim of the crime is society in general. In the present case, not only society in general, but the individual police officer in particular is a victim of the assault. As we read Adkins, it applies only to cases involving an unlawful sale of controlled substances. Expanding Adkins to apply to crimes against the person such as assaults would be a judicial modification of the common law.
Title 1, § 3, Code of Alabama 1940 declares:
 "The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."
In Weaver v. Hollis, 247 Ala. 57, 22 So.2d 525 (1945) the Alabama Supreme Court stated in clear and certain language:
 ". . . The common law is the base upon which all of the laws of this State have been constructed, and when our courts are called upon to construe a statute, — when they are called upon to ascertain and declare the legal effect and meaning of a legislative enactment, — they must read the statute in the light of the common law. Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 47 L.R.A., N.S., 607. `The presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system of law without expressing its intention with irresistible clearness.' Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313, 314."
While our legislature has modified the common law in many areas of criminal procedure, it has never expressly or impliedly done away with the requirement that indictments must name the victim of an assault, if known. To the contrary, support *Page 537 
for this common law requirement is found in all code forms relating to crimes against the person.
Title 15, § 259, Code of Alabama 1940, which contains our forms of indictments, includes Forms 12, 13, 14, 15, 16, 17 and 18, all dealing with assaults. In every instance where the form is prescribed, it requires the name of the victim. The same is true of other forms pertaining to crimes against a person such as: carnal knowledge, kidnapping, manslaughter, mayhem, murder, rape, robbery, seduction, and most analogous to this case, Form 93, resisting an officer in executing process. There, the officer must be named.
We have not been cited an assault case, nor do we know of an assault case where the person assaulted was not named in the indictment. To the contrary, the State up until the present case, appears to have always named the person assaulted, even when following the wording of the statute for the offense of assaulting a peace officer. McKinney, supra; Wright v. State,49 Ala. App. 539, 274 So.2d 95 (1973); Bryant v. State,49 Ala. App. 359, 272 So.2d 286 (1972). We know of no reason why the victim of the assault was not named in the instant indictment.
We are very mindful of the dangers confronting law enforcement officers, and we are aware of the necessity to protect them from serious assaults. But, because the prosecution failed to name the victim of the assault in this one instance, we are called on to modify over three hundred years of common law precedent. Such a decision by this Court would, of course, save the State the expense of reindicting the appellant and conducting a new trial. It would, however, also establish a new precedent based upon expediency rather than law.
This is not a case of an indictment containing a mere typographical error, a misspelled word, an "undotted i" or an "uncrossed t." We find here an indictment which failed to inform the accused of a matter essential to the construction of a meaningful defense, which is a deprivation of his right to demand the nature and cause of the accusation against him as guaranteed in Article 1, § 6, Constitution of Alabama 1901.
REVERSED AND REMANDED.
All the Judges concur.
 ON REHEARING
Appellee, on rehearing, calls our attention to our prior holding in Hill and Pitchford v. State, Ala. App.,339 So.2d 601, cert. denied Ala., 339 So.2d 610 (1976). There, the two appellants had overcome, shot and wounded a railroad policeman who had arrested them. The indictment did not name the victim. The similarity with the instant case ends there.
In Hill and Pitchford, no demurrer, motion to quash, or other challenge to the indictment was ever filed. No question concerning naming the victim was ever presented in the trial court. Our ruling there was simply stated:
 "This point was not raised by demurrer to the indictment and is presented for the first time on appeal."
Any statements in that opinion are dicta which go beyond the fact that no ruling of the trial court was before this Court for review.
Where a shot is fired in the general direction of two
officers, standing side by side, and the accused is never apprised of which one he is charged with assaulting until the trial judge charges the jury, a legal problem is presented which is quite dissimilar to that in Hill and Pitchford, supra. While the appellant in the instant case did not file the pleading (demurrer) normally and technically used to point out deficiencies of substance in an indictment, he did file a motion to quash the indictment at his earliest opportunity. Again, this is dissimilar to Hill and Pitchford where the appellants did nothing to bring the omission to the attention of the trial court. As previously discussed in I above, the motion to quash would reach a defect in an indictment that would amount to denial of due process or violation of Article I, § 6 of the *Page 538 
Constitution of Alabama 1901. We are of the opinion that under the peculiar facts of this case, an indictment charging that appellant assaulted, "a peace officer or other law enforcement officer of this state or any political subdivision of this state," describes so large a class as to apprise the appellant of nothing.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.