# STATE OF MICHIGAN

# COURT OF APPEALS

SALEM SPRINGS, LLC,

    Plaintiff-Appellee,

v

SALEM TOWNSHIP and WASHTENAW
COUNTY CLERK,

    Defendants,

and

NORMAN E. KLEIN, SR., NORMAN E. KLEIN,
JR., and CONCERNED CITIZENS OF SALEM,

    Intervening Defendants-Appellants.

FOR PUBLICATION
September 8, 2015
9:05 a.m.

No. 322956
Washtenaw Circuit Court
LC No. 12-000928-AW

Before: BORRELLO, P.J., and HOEKSTRA and O'CONNELL, JJ.

HOEKSTRA, J.

In this action in the nature of a quo warranto under MCL 600.4545 to challenge the results of a voter referendum pertaining to a zoning amendment in Salem Township, intervening defendants appeal as of right the trial court's order granting summary disposition to plaintiff Salem Springs, LLC and invalidating the referendum results. Because plaintiff lacks statutory standing to bring a challenge under MCL 600.4545, we reverse the trial court's order and we remand for entry of summary disposition in favor of intervening defendants.

The underlying dispute in this case concerns the zoning of approximately 91.61 acres of property ("the property") in Salem Township, Washtenaw County, Michigan. Plaintiff previously owned the property, but it transferred the property to Salem Springs Owner, LLC ("Salem Springs Owner") in 2009. Plaintiff is now the sole manager of Salem Springs Owner, but Salem Springs Owner is a limited liability company, separate and distinct from plaintiff.

In October of 2011, the property in question was zoned Agricultural-Residential, and plaintiff submitted an application to the township to have the property rezoned to General Commercial. The Salem Township Planning Commission recommended denial of plaintiff's application, but it was nonetheless approved by the Salem Township Board of Trustees on May

-1-

8, 2012. After approval of the amendments to the zoning map, pursuant to MCL 125.3401(7), the township published notice on four separate occasions—on May 20, May 4, May 31, and June 14—apprising the public of the intended changes. Intervening defendant Norman Klein, who lives in a residential area north of the subject property, filed a notice of intent pursuant to MCL 125.3402(1) on May 22 to petition to have the amendments submitted to the electorate for approval. On July 12, Klein later submitted a petition signed by the requisite number of voters, and the township clerk concluded that Klein's petition was adequate. See MCL 125.3402(2), (3). The township board thereafter approved ballot language submitting the issue of the zoning amendments to the voters for approval.

Plaintiff filed suit seeking to enjoin the vote based on the contention that Klein's petition was invalid. The trial court denied plaintiff's request for injunctive relief and this Court, as well as the Michigan Supreme Court, denied plaintiff's emergency application for leave to appeal.[1] After plaintiff's application for leave was denied, the election proceeded on November 6, 2012 with the zoning referendum on the ballot. A majority of voters were opposed to rezoning the property in question to General Commercial and they voted to reverse the township board's zoning decision. In effect, the property remained zoned as Agriculture Residential.

Following the election, on November 20, 2012, plaintiff filed an amended complaint, which included an action in the nature of a quo warranto challenging the election results under MCL 600.4545. Intervening defendants moved for summary disposition based on the assertion that plaintiff lacked statutory standing to bring an action under MCL 600.4545. Plaintiff opposed intervening defendants' motion for summary disposition and asserted that summary disposition should instead be granted in plaintiff's favor because no material question of fact remained with respect to whether Klein's petition was untimely and thus invalid. The trial court concluded that plaintiff had standing and it granted plaintiff's motion for summary disposition based on the determination that Klein's July 12 petition was untimely, despite the fact that it was filed within 30 days of the township's last published notice. Intervening defendants now appeal as of right.

On appeal, consistent with their arguments in the trial court, intervening defendants maintain that plaintiff lacked statutory standing under MCL 600.4545 because plaintiff is not a prosecuting attorney, attorney general, or a citizen of Washtenaw County. In contrast, plaintiff maintains that it is a "citizen of the county" within the meaning of MCL 600.4545 because a corporation may, in general, be a "citizen" and more particularly because it previously owned the land in question and now continues to manage Salem Springs Owner, the present owner of the land.[2] In the alternative, plaintiff contends that, even if plaintiff lacks standing, any error

---

[1] See *Salem Springs LLC v Salem Township*, Order of the Michigan Supreme Court, entered October 31, 2012 (Docket No. 146002); *Salem Springs LLC v Salem Township*, unpublished order of the Court of Appeals, entered October 8, 2012 (Docket No. 312497).

[2] Plaintiff also maintains that intervening defendants waived their standing argument because they stipulated to an order allowing plaintiff to file the amended complaint which included the action under MCL 600.4545. We find this argument unavailing. Far from waiving the issue of

amounts to merely a technical defect in the pleadings because Salem Springs Owner has standing and the pleadings can be amended to include Salem Springs Owner. As discussed more fully below, we conclude that plaintiff lacked statutory standing under MCL 600.4545, that plaintiff cannot rely on Salem Springs Owner's purported standing to file suit in plaintiff's name, and that, because the time for filing an action under MCL 600.4545 has passed, plaintiff cannot amend its pleadings to add Salem Springs Owner as a new party. Because plaintiff lacks standing, the trial court erred by denying intervening defendants' motion for summary disposition.

We review a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Bd of Trustees of City of Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust*, slip op at 3-4. Questions of law, including statutory interpretation and the issue of a party's standing, are also reviewed de novo. *In re Complaint of MCTA*, 241 Mich App 344, 360; 615 NW2d 255 (2000).

Before a court may exercise jurisdiction over a plaintiff's claim, that plaintiff must possess standing. *Miller v Allstate Ins Co*, 481 Mich 601, 606; 751 NW2d 463 (2008). "[S]tanding historically developed in Michigan as a limited, prudential doctrine that was intended to 'ensure sincere and vigorous advocacy' by litigants." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 359; 792 NW2d 686 (2010). "Standing may be found if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant." *Sprenger v Bickle*, 302 Mich App 400, 422; 839 NW2d 59 (2013) (citation and quotation marks omitted). When a cause of action is governed by statute, the Legislature may of course choose to limit the class of persons who may raise a statutory challenge. *Miller*, 481 Mich at 607. Consequently, the doctrine of statutory standing in particular requires statutory interpretation to determine whether the Legislature intended to "accord[] *this* injured plaintiff the right to sue the defendant to redress his injury." *Id.* (emphasis in original).

The action at issue in the present case is an action in the nature of a quo warranto under MCL 600.4545. Under MCL 600.4545(1), a lawsuit in the nature of a quo warranto action may be brought "whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof." The purpose of such an action is to test the "validity of the election itself," and to succeed requires a showing of "fraud or error that might have affected the outcome of the election." *Barrow v Detroit Mayor*, 290 Mich App 530, 542-543; 802 NW2d 658 (2010) (citation and quotation

standing, intervening defendants plainly preserved it by raising the question of standing in their first responsive pleading to plaintiff's amended complaint. See MCR 2.116(D)(2). Further, standing may be challenged in connection with a motion for summary disposition under MCR 2.116(C)(8) or (C)(10), and such a motion may be brought "at any time." *Bd of Trustees of City of Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust v City of Pontiac*, __ Mich App __; __ NW2d __ (2015), slip op at 5. In short, intervening defendants' challenge to plaintiff's standing was timely raised, and certainly not waived.

marks omitted).  The specific statutory requirements for bringing an action in the nature of a quo warranto are set forth in MCL 600.4545(2), which states:

> **Time for filing action, plaintiffs, defendant.**  Such action shall be brought within 30 days after such election *by the attorney general or the prosecuting attorney of the proper county on his own relation, or on the relation of any citizen of said county without leave of the court, or by any citizen of the county by special leave of the court or a judge thereof.*  Such action shall be brought against the municipality wherein such fraud or error is alleged to have been committed. [Emphasis added.]

According to the plain language of the statue, an action to challenge an election under MCL 600.4545 may be brought by (1) the attorney general, (2) the prosecuting attorney of the proper county, or (3) "any citizen of the county."  A person authorized to bring an action under this section may do so "without any showing of a special personal interest in the subject matter at hand."  *Penn Sch Dist No 7 v Bd of Ed of Lewis-Cass Intermediate Sch Dist of Cass Co*, 14 Mich App 109, 118; 165 NW2d 464 (1968).  However, because the statute expressly empowers select persons to file suit under MCL 600.4545, it follows under the principle of *expressio unius est exclusio alterius* that only those individuals specifically identified in the statute have authority to bring an action under the statute.  See *Miller*, 481 Mich at 611-612.  In other words, the statute prevents persons not identified in the statute from bringing a challenge to election results.  Cf. *id.* In this case, it is undisputed that plaintiff is neither a prosecuting attorney nor the attorney general.  Consequently, to file suit under MCL 600.4545, plaintiff must qualify as a "citizen of the county," and the issue in this case thus becomes whether plaintiff is a citizen of Washtenaw County.

There is no statutory definition of the phrase "citizen of the county" in MCL 600.4545. Because the phrase is undefined, we accord the words of the statute their plain and ordinary meaning, and a dictionary may be consulted to ascertain the plain meaning of the phrase. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 515; 821 NW2d 117 (2012).  Our primary goal when interpreting statutory language is to ascertain the Legislature's intent, and, because the plain language of the statute is the best indicator of legislative intent, we will enforce clear and unambiguous statutory language as written.  *Velez v Tuma*, 492 Mich 1, 16; 821 NW2d 432 (2012); *S Haven v Van Buren Co Bd of Com'rs*, 478 Mich 518, 528; 734 NW2d 533 (2007).

According to its plain and ordinary dictionary meaning, a "citizen" is "1: an inhabitant of a city or town; *esp* : one entitled to the rights and privileges of a freeman; 2a: a member of a state; b: a native or naturalized person who owes allegiance to a government and is entitled to protection from it."  *Merriam-Webster's Collegiate Dictionary* (2014).  See also Black's Law Dictionary (10th ed.) ("Someone who, by either birth or naturalization, is a member of a political community, owing allegiance to the community and being entitled to enjoy all its civil rights and protections; a member of the civil state, entitled to all its privileges.").  A "county" is, by definition, "the largest territorial division for local government within a state of the U.S." *Merriam-Webster's Collegiate Dictionary* (2014).

From these basic definitions, to be a "citizen of the county" it would appear that, at a minimum, the person would need to inhabit or reside in the specific county in question. See *Bacon v Bd of State Tax Com'rs*, 126 Mich 22, 29; 85 NW 307 (1901). That is, the statute clearly refers to "any citizen of *the county*," meaning that, assuming a corporation may be a "citizen" for purposes of MCL 600.4545, it would not be sufficient to establish citizenship in the United States or even in Michigan; rather, it would also be necessary to establish citizenship, and thus some degree of residency, in the specific county at issue. By way of analogy, "[t]he citizens of this state are citizens of the United States, and the citizens of the United States residing within the borders of this state are citizens of this state." *People v Ruthenberg*, 229 Mich 315, 355; 201 NW 358 (1924) (citation omitted). By extension, it would follow that citizens of the United States, and specifically citizens of Michigan, residing in a particular county in Michigan qualify as citizens of that county.

On the facts of this case, it is clear that plaintiff did not in any way inhabit Washtenaw County as required to be considered a "citizen of the county." Plaintiff's Articles of Organization indicate that, at the time of its organization, its registered office was in Farmington Hills, Michigan, which is in Oakland County. Other documents, including the warranty deed conveying the subject property to Salem Springs Owner, list plaintiff's address in Livonia, Michigan, which is in Wayne County. Further, there is no indication that plaintiff owns property in Washtenaw County or that plaintiff has a place of business in Washtenaw County. In short, under any understanding of what it means to reside in or inhabit as required to establish citizenship, plaintiff does not reside in, or inhabit, Washtenaw County.[3]

In contrast to this conclusion, plaintiff claims that it can be considered a "citizen of the county" because (1) it previously owned the property in question until 2009 and because (2) plaintiff manages Salem Springs Owner, which now owns the property at issue. These arguments are wholly unavailing. Even supposing for the sake of argument that Salem Springs Owner's mere ownership of the property establishes citizenship for Salem Springs Owner in Washtenaw County, neither plaintiff's former ownership of the property nor its management of Salem Springs Owner confers this citizenship on plaintiff.

Specifically, both plaintiff and Salem Springs Owner are organized as separate and distinct limited liability companies under the Michigan limited liability company act, MCL

---

[3] Given plaintiff's almost nonexistent ties with Washtenaw County, it is obvious plaintiff is not a citizen of the county, and, on these facts, we do not find it necessary to define the precise residency parameters necessary to establish what it means to be a "citizen of a county" for purposes of MCL 600.4545. Intervening defendants have also argued on appeal that plaintiff cannot be a "citizen" because as a corporation it cannot vote. Because of plaintiff's clear lack of residency, we likewise find it unnecessary to determine if a corporation may be a "citizen" under MCL 600.4545 or to establish what rights and privileges, if any, a person must possess to qualify as a "citizen" for purposes of this provision. Instead, we narrowly hold based on the facts of this case that, because plaintiff in no way resides in Washtenaw County, it is not a "citizen of the county" as required for statutory standing under MCL 600.4545.

450.4101 *et seq*. A limited liability company may, like a corporation, own and hold real property, MCL 450.4210; MCL 450.1261(f), and, "[a] member has no interest in specific limited liability company property," MCL 450.4504(2). Consequently, when plaintiff executed a warranty deed transferring the property to Salem Springs Owner, "the entire bundle of rights to the property" passed from plaintiff to Salem Springs Owner in 2009. See *Eastbrook Homes, Inc v Treasury Dep't*, 296 Mich App 336, 348; 820 NW2d 242 (2012). After this transfer, plaintiff no longer had an interest in the property, which is instead held solely by Salem Springs Owner as a limited liability company. See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 630; 752 NW2d 479 (2008). Accordingly, even supposing that mere ownership of land in a county confers citizenship for purposes of MCL 600.4545, plaintiff cannot claim citizenship in Washtenaw County based on its previous ownership of land now held by Salem Springs Owner.

To the extent plaintiff suggests that its management of Salem Springs Owner somehow confers standing on plaintiff under MCL 600.4545, this argument ignores the distinction between acting as an agent on Salem Springs Owner's behalf and plaintiff's current attempt to litigate in plaintiff's own name. In particular, a limited liability company may be managed by managers as specified in the articles of organization. MCL 450.4402(1). A manager is considered an agent of the limited liability company for the purpose of its business, and the acts of a manager in the limited liability company's name typically bind the limited liability company. MCL 450.4406. Salem Springs Owner's operating agreement specifies that it will be managed by a manager, "who, acting alone and without the approval of any Member will have the free, exclusive and absolute right, power and authority to manage and control the Company and its property and assets . . . ." As enumerated in the operating agreement, the manager's powers include the authority to sue and to defend litigation on Salem Springs Owner's behalf. See also MCL 450.4210; MCL 450.1261(b). Certainly, considering the authority possessed by the manager, plaintiff could, acting as the manager, file suit in Salem Springs Owner's name, assuming that Salem Springs Owner possessed standing under MCL 600.4545 as a "citizen of the county."

However, it does not follow that plaintiff can file suit in its own name based on Salem Springs Owner's rights and purported standing under MCL 600.4545. It is well-established that "[a] corporation is its own 'person' under Michigan law, an entity distinct and separate from its owners, even when a single shareholder holds ownership of the entire corporation." *Hills & Dales Gen Hosp v Pantig*, 295 Mich App 14, 20; 812 NW2d 793 (2011). Further, when multiple related corporations are involved, the law presumes that these corporations constitute separate legal entities. *Id.* at 20-21. With regard to standing and principles of real party in interest, because the law treats a corporation as an entirely separate entity, when a suit is brought to enforce corporate rights or to redress or prevent injury to a corporation, the action ordinarily must be brought in the name of the corporation, not that of a stockholder, officer, or employee.[4]

---

[4] In some circumstances, a member of a limited liability company might commence and maintain a lawsuit based on the rights of a limited liability company, provided that certain conditions are met. See MCL 450.4510. For example, under this provision, members may not sue on the rights of the limited liability unless the member has made a written demand for action by the limited liability company and the company has failed to comply. See MCL 450.4510(b), (c). In this case, plaintiff does not argue that it has taken action as a member of Salem Springs Owner, and,

*Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 474; 666 NW2d 271 (2003). Although a limited liability company is not a corporation under Michigan law, *Alliance Obstetrics & Gynecology v Dep't of Treasury*, 285 Mich App 284, 288; 776 NW2d 160 (2009), it is nonetheless true that the rules regarding corporate form apply equally to limited liability companies, *Hills & Dales Gen Hosp*, 295 Mich App at 21. See also *Florence Cement Co v Vettraino*, 292 Mich App 461, 468-469; 807 NW2d 917 (2011). Thus, given that Salem Springs Owner is a separate and distinct legal entity from plaintiff, it follows that, in a suit in which standing is premised on Salem Springs Owner's purported status as a "citizen of the county" under MCL 600.4545, the suit must be brought in Salem Springs Owner's name rather than the name of Salem Spring Owner's manager, i.e., plaintiff. See *Belle Isle Grill Corp*, 256 Mich App at 474. Therefore, plaintiff cannot rely on its management of Salem Springs Owner to establish standing to sue in plaintiff's name under MCL 600.4545. Because plaintiff is not a citizen of Washtenaw County, plaintiff lacked standing and the trial court erred by denying intervening defendants' motion for summary disposition.

On appeal, plaintiff contends that, even if it lacked standing to bring suit under MCL 600.4545, because Salem Springs Owner has standing, plaintiff should be allowed to amend its complaint to name Salem Springs Owner as a plaintiff because the failure to include Salem Springs Owner amounts to nothing more than a technical defect in the pleadings which in no way prejudiced intervening defendants. Contrary to these assertions, accepting for the sake of argument that Salem Springs Owner has standing under MCL 600.4545, plaintiff cannot amend its pleadings to add Salem Springs Owner as a party because the time limit for bringing such an action has expired[5] and the relation-back doctrine, which normally permits amendments to relate back to the original time of filing, does not apply to the addition of new parties. See *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007). Specifically, under MCR 2.118(D):

> **(D) Relation Back of Amendment.** An amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. . . .

In contrast to an amendment to add claims or defenses, in this case plaintiff seeks to add an entirely new party to the action, and the relation-back rule found in MCR 2.118(D) does not apply to the addition of new parties. See *Miller*, 477 Mich at 106-108.

---

in any event, it is plain that the conditions of MCL 450.4510 have not been satisfied in this case because plaintiff was fully authorized as the manager of Salem Springs Owner to take legal action in Salem Springs Owner's name, but it failed to do. See MCL 450.4510.

[5] Pursuant to MCL 600.4545(2), an action to challenge an election "shall be brought within 30 days after such election . . . ." See also *Barrow*, 290 Mich App at 542. Consequently, in this case, "any citizen of the county" had until December 6, 2012 to bring a challenge to the voting results under MCL 600.4545.

Moreover, bearing in mind that Salem Springs Owner is a separate and distinct entity from plaintiff, plaintiff's proposed amendment cannot be characterized as an inadvertent misnomer or an unimportant mistake in the name of a party. Rather, plaintiff seeks the addition of an entirely new party after the expiration of the time limit for bringing suit, and the misnomer doctrine is inapplicable to the substitution or addition of new or different parties. *Id.* at 106-107.

> "'As a general rule, . . . a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties.' " *Parke, Davis & Co v Grand Trunk Ry System,* 207 Mich 388, 391; 174 NW 145 (1919) (citation omitted). The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, "'[w]here the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name . . . .'" *Wells v Detroit News, Inc,* 360 Mich 634, 641; 104 NW2d 767 (1960), quoting *Daly v Blair,* 183 Mich 351, 353; 150 NW 134 (1914); see also *Detroit Independent Sprinkler Co v Plywood Products Corp,* 311 Mich 226, 232; 18 NW2d 387 (1945) (allowing an amendment to correct the designation of the named plaintiff from "corporation" to "partnership")[,] and *Stever v Brown,* 119 Mich 196; 77 NW 704 (1899) (holding that an amendment to substitute the plaintiffs' full names where their first and middle names had been reduced to initials in the original complaint would have been permissible). Where, as here, the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable. [*Miller*, 477 Mich at 106-107 (alterations in *Miller*).]

In short, because the time for bringing a challenge under MCL 600.4545 has expired, and the relation-back doctrine does not apply, plaintiff cannot now amend its complaint to add Salem Springs Owner as a new party. See *id.* at 107-108.

In sum, plaintiff is not a citizen of Washtenaw County and thus plaintiff lacked statutory standing to challenge the election results under MCL 600.4545. Further, because the time for pursuing a challenge under MCL 600.4545 has passed, Salem Springs Owner cannot now be added, or substituted, as a party to the lawsuit. Given plaintiff's lack of standing to bring a challenge under MCL 600.4545, the trial court erred by denying intervening defendants' motion for summary disposition.[6] See *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013).

---

[6] Because intervening defendants were entitled to summary disposition based on plaintiff's lack of standing, we offer no opinion on the timeliness of Klein's July 12 petition.

-8-

Reversed and remanded for entry of summary disposition in favor of intervening defendants. We do not retain jurisdiction. Having prevailed in full, intervening defendants may tax costs pursuant to MCR 7.219.


/s/ Joel P. Hoekstra
/s/ Stephen L. Borrello
/s/ Peter D. O'Connell