HANLIN v SAUGATUCK TOWNSHIP

Docket No. 300415. Submitted November 15, 2012, at Grand Rapids. Decided January 15, 2013, at 9:00 a.m.

Walter L. Hanlin and John Latini filed an action in the Allegan Circuit Court against Saugatuck Township, the Saugatuck Township Board, and the Allegan County Board of Canvassers, seeking declaratory and injunctive relief, mandamus, and permission to proceed by quo warranto to challenge the results of a millage election. The township had sought the millage to raise funds for enforcing and implementing certain laws, ordinances and regulations, including associated planning expenses and other expenses for attorneys, trial and administrative hearings. The county board of canvassers certified the election results, and plaintiffs petitioned for a recount. Plaintiffs alleged that the township clerk had cut the security seal on the ballot container after the election but before a recount could be performed. In addition, it was alleged that the seal on the transfer case for the ballots did not match the seal recorded in the poll book and the original seal that had been cut could not be located. Because the seal number recorded in the poll book did not match the seal number on the certificate to the bags containing the ballots and the original seal had not been found in the bag in which the township clerk placed it, the board elected to not proceed with the recount. The parties filed cross-motions for summary disposition and the court, Kevin W. Cronin, J., denied plaintiffs' motion and granted defendants' motion. Plaintiffs appealed.

The Court of Appeals *held*:

1. Quo warranto is a common-law writ that is used to inquire into the authority by which a public office is held or a franchise is claimed. Under MCL 168.861, the remedy of quo warranto remains in full force, together with any other remedies now existing, for fraudulent or illegal voting or tampering with the ballots or ballot boxes before a recount by the board of county canvassers. MCL 168.861 is a saving clause that preserves the remedy of quo warranto in certain situations; the act of illegal or fraudulent voting or of tampering with the ballots or ballot boxes does not extinguish an already existing claim for quo warranto under

MCL 600.4505 or MCL 600.4545(1). The trial court did not err by granting summary disposition to the township and the township board on the quo warranto claim brought under MCL 168.861. Because MCL 168.861 is a saving clause, it does not provide a basis for an independent cause of action for quo warranto.

2. An action for quo warranto is brought under MCL 600.4545(1) to challenge the validity of the election itself when material fraud or error is alleged to have occurred in any state, county, township, or municipal election involving any constitutional amendment, question, or proposition. The phrase "material fraud or error" means fraud or error that might have affected the outcome of the election. The plaintiff's proofs must be sufficient to support a finding that enough votes were tainted by the alleged fraud to affect the outcome. If the relevant board of canvassers determines under MCL 168.871(1)(a), that ballots from a precinct are not eligible for a recount because of a broken or inconsistent seal, under MCL 168.871(3)(b) the original return of the votes is deemed correct. The need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original count was erroneous and that a recount would be circumvented by election workers. The trial court did not err by dismissing plaintiffs' claim premised on a violation of MCL 600.4545(1). While the township clerk violated the security provision of the election law by erroneously cutting the seal on the ballot container, resulting in the ballots being ineligible for recount, MCL 600.4545(1) does not provide a remedy for that error.

3. MCL 168.674 requires that election inspectors be appointed by the city and township board of election inspectors. Under MCL 168.77(3), a person shall not be appointed as an election inspector if the person or any member of the person's immediate family is a candidate for nomination or election or has been convicted of a felony or an election crime. In addition, a person shall not be permitted to act as an election inspector if the person has not attended a school of instruction or passed an examination given by the election commission. In this case, the trial court did not err by granting summary disposition to the township and the township board to the extent that plaintiffs' quo warranto claim, brought under MCL 600.4545(1), was premised on those defendants' failing to follow critical election policies. While the township clerk improperly served as an election inspector for the election because she had never been appointed to the position by the township board of election inspectors, plaintiffs failed to present any evidence that but for the township clerk acting as an election inspector, the election result would have been different.

4. When a ballot proposal is misleading, the appropriate remedy is to void the election. In this case, quo warranto was not justified under MCL 600.4545 on the basis that the voters were being misled by the proposal language. While the township in part sought a millage increase to defend certain lawsuits, there was no evidence that the $30,000 donated by a third party to help with litigation costs actually covered all those fees.

5. Mandamus is appropriate when (1) the plaintiff has a clear legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other legal or equitable remedy exists that might achieve the same result. In this case, the trial court properly dismissed plaintiffs' claim for mandamus because the alternative remedy of quo warranto was available to them under MCL 600.4545(1) and (3). Plaintiffs failed to dispute the basis of the trial court's ruling and the Court of Appeals was not required to grant the relief plaintiffs sought. Even considering the issue, defendants inappropriately relied on the Manual for Boards of County Canvassers, issued by the Department of State, Bureau of Elections in June 2008 to assert that the Board of Canvassers violated a clear legal duty; evidence was not presented that the manual was a properly promulgated rule and accordingly it did not have the force of law.

QUO WARRANTO — REMEDIES — INDEPENDENT CAUSE OF ACTION — ILLEGAL OR FRAUDULENT VOTING OR TAMPERING.

Quo warranto is a common-law writ that is used to inquire into the authority by which a public office is held or a franchise is claimed; under MCL 168.861, the remedy of quo warranto remains in full force, together with any other remedies now existing, for fraudulent or illegal voting or tampering with the ballots or ballot boxes before a recount by the Board of County Canvassers; MCL 168.861 is a saving clause that preserves the remedy of quo warranto in certain situations; the act of illegal or fraudulent voting or of tampering with the ballots or ballot boxes, as prohibited by MCL 168.861, does not extinguish an already existing claim for quo warranto under MCL 600.4505 and MCL 600.4545(1), but does not provide a basis for an independent cause of action for quo warranto.

*Honigman, Miller Schwartz & Cohn LLP* (by *John D. Pirich* and *Andrea L. Hansen*), for Walter L. Hanlin and John Latini.

*Scholten Fant* (by *Bradford W. Springer*) for Saugatuck Township and the Saugatuck Township Board.

*Miller Johnson* (by *Gregory P. Ripple*) for the Allegan County Board of Canvassers.

Amici Curiae:

*Robert S. LaBrant* for the Michigan Chamber of Commerce.

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *John K. Lohrstorfer*), for the Michigan Townships Association.

Before: SERVITTO, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court order granting summary disposition in favor of defendants, Saugatuck Township, the Saugatuck Township Board (hereafter referred to as "the township defendants"), and the Allegan County Board of Canvassers (the board), and denying summary disposition in plaintiffs' favor, in this action premised upon election irregularities. We affirm.

Plaintiffs initiated this action for declaratory and injunctive relief, mandamus and/or for permission to proceed by quo warranto in relation to a proposed millage that was approved in the May 4, 2010 Saugatuck Township special election by a margin of only two votes. According to plaintiffs, the county board certified the election results on May 6, 2010, and plaintiff Hanlin petitioned for a recount of the election results on May 11, 2010. Plaintiffs alleged that irregularities in the election procedure occurred, essentially surrounding the township clerk's mishandling of the ballot container and its seals. Specifically, plaintiffs asserted that the

township clerk cut the security seal on the township ballot container after the election but before a recount could be performed. The ballots were then handled and transferred to unapproved canvas bags. Additionally, the seal on the transfer case for the ballots did not match the seal recorded in the poll book and the original seal that had been cut could not be located. According to plaintiffs, the board elected not to proceed with the recount because the seal number recorded in the poll book did not match the seal number on the certificate to the bags containing the ballots and the original seal was not found in either of the ballot bags, contrary to the township clerk's assertion that she had placed said seal in one of the bags. Plaintiffs thus sued the township defendants and the board, seeking to void the election results.

The parties filed cross-motions for summary disposition, with plaintiffs arguing that those irregularities, as well as others, supported an action for quo warranto on the basis of "fraud or gross error" pursuant to MCL 600.4545 and on the basis of "fraudulent or illegal voting, or tampering with ballots or ballot boxes before a recount" pursuant to MCL 168.861. Plaintiffs also argued that quo warranto was justified because voters were misled regarding the millage proposal, and that the township defendants violated the Election Law in other critical aspects, including the fact that the township clerk, despite not being authorized to act as an election inspector, ran the election and signed the poll book as an election inspector. Plaintiffs further argued that mandamus was the appropriate remedy against the board because it failed to verify that the poll book was signed by two election inspectors and that the seal numbers were recorded in the statement of votes, thereby failing to comply with its ministerial duties.

Defendants moved for summary disposition on their own respective behalves. The township defendants sought summary disposition on the basis of their assertion that plaintiffs' complaint failed to contain a single factual allegation that any fraud or error occurred at the election itself. The township defendants further asserted that MCL 168.861 is a saving clause and does not serve as the basis for an independent claim for quo warranto. The board moved for summary disposition on plaintiffs' claim for mandamus because plaintiffs, in the complaint, failed to identify any ministerial duty of the board that plaintiffs had a legal right to see performed. The trial court ultimately denied plaintiffs' motion for summary disposition and granted summary disposition to the board under MCR 2.116(C)(8), and to the township defendants under MCR 2.116(C)(8) and (C)(10). This appeal followed.

To proceed with a claim for quo warranto, a citizen must obtain leave of the trial court. MCR 3.306(B)(2). A trial court's decision whether to grant a citizen's application for leave to proceed by quo warranto is reviewed for an abuse of discretion. *Barrow v Detroit Mayor*, 290 Mich App 530, 539; 802 NW2d 658 (2010). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id.* A trial court properly denies an application to proceed by quo warranto when the application fails to disclose sufficient facts and grounds and sufficient apparent merit to justify further inquiry. *Id.* at 546.

In this case, rather than determining whether plaintiffs should be granted leave to proceed by quo warranto, the trial court decided plaintiffs' claim for quo warranto under summary disposition standards. While the court did not did not specify under which subrule it was granting summary disposition to the township defen-

dants, it does not appear that the trial court limited its analysis to the pleadings alone. This Court will thus construe the motion as having been granted pursuant to MCR 2.116(C)(10). See, e.g., *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). All well-pleaded allegations must be accepted as true and construed in the light most favorable to the nonmoving party. *Cummins v Robinson Twp*, 283 Mich App 677, 689; 770 NW2d 421 (2009). Only when no factual development could possibly justify recovery, should the motion be granted. *Feyz*, 475 Mich at 672.

Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A motion under MCR 2.116(C)(10) tests the factual support of a complaint. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). A court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The issues presented involve questions of statutory interpretation. This Court reviews de novo issues of statutory interpretation. *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 79; 782 NW2d 514 (2010).

On appeal, plaintiffs first contend that the trial court erred by granting summary disposition to the township defendants on plaintiffs' claim of quo warranto because there was, at a minimum, a question of fact as to whether the township clerk tampered with the ballots, because the township clerk committed gross error sufficient to warrant quo warranto relief, and because the voters were misled by the township defendants with respect to the need for the millage funds. We disagree.

Quo warranto is a " 'common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed.' " *Davis v Chatman*, 292 Mich App 603, 612; 808 NW2d 555 (2011), quoting Black's Law Dictionary (9th ed). As previously indicated, MCR 3.306(B)(2) allows a citizen to proceed with an action for quo warranto only by special leave of the court. Generally such actions are brought pursuant to MCL 600.4505—which echoes the procedure of MCR 3.306(B)(2)—and are pursued against a person in public office by one who seeks to challenge that person's right to hold office, but no assertions are made of fraud or error. *Barrow*, 290 Mich App at 541. MCL 600.4545(1), on the other hand, provides for an action in the nature of quo warranto "whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof." This type of action is brought to challenge the validity of the election itself. *Barrow*, 290 Mich App at 543. Thus, to pursue an action for quo

warranto to challenge the validity of the election, plaintiffs must establish that a material fraud or error was committed at the election.

Plaintiff, however, asserts that MCL 168.861 expressly provides a remedy by quo warranto, and thus a voiding of the election results, for tampering with the ballots or ballot boxes before a recount. MCL 168.861 directs that "[f]or fraudulent or illegal voting, or tampering with the ballots or ballot boxes before a recount by the board of county canvassers, the remedy by quo warranto shall remain in full force, together with any other remedies now existing."

Whether MCL 168.861 provides an independent ground for bringing a claim for quo warranto has never been addressed by a Michigan appellate court. Indeed, MCL 168.861 has never been interpreted by a Michigan appellate court in any fashion. We undertake this task, keeping in mind that the goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Tevis v Amex Assurance Co*, 283 Mich App 76, 81; 770 NW2d 16 (2009). If the language is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and a court must enforce the statute as written. *Ameritech Publishing, Inc v Dep't of Treasury*, 281 Mich App 132, 136; 761 NW2d 470 (2008). The fair and natural import of the words used in the statute governs. *Hughes*, 277 Mich App at 274. Undefined words are to be accorded their plain and ordinary meaning, and a dictionary may be consulted to define a common word that lacks a unique legal meaning. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008).

The key words found in MCL 168.861 are "remain" and "in . . . force." The word "remain" is defined as "[t]o continue in the same state or condition" and "[t]o

endure or persist." *The American Heritage Dictionary of the English Language* (4th ed). The phrase "in force" is defined as "[i]n effect; operative." *Id.* When these definitions are placed in MCL 168.861, the statute then reads, "[f]or fraudulent or illegal voting, or tampering with the ballots or ballot boxes before a recount by the board of county canvassers, the remedy by quo warranto shall [continue in the same state or condition][in full effect], together with any other remedies now existing." In other words, MCL 168.861 provides that the acts of illegal or fraudulent voting or of tampering with the ballots or ballot boxes before a recount do not extinguish an already existing claim for quo warranto. Accordingly, MCL 168.861 is a saving clause: it preserves the remedy of quo warranto in certain situations.

Notably, in MCL 600.4545(1), the Legislature expressly provided that "[a]n action may be brought in the circuit court . . . whenever it appears that material fraud or error has been committed at any election . . . . MCL 600.4545(3) further provides that such action shall be brought in the nature of one for quo warranto. The Legislature, had it intended to provide for an action of quo warranto whenever there was illegal or fraudulent voting or tampering with the ballots or ballot boxes before a recount, could have used language similar to that used in MCL 600.4545. That it did not lends further support to the conclusion that MCL 168.861 was intended as a saving clause rather than an independent cause of action. Thus, the trial court did not err by granting summary disposition to the township defendants to the extent that plaintiffs' claim for quo warranto was brought pursuant to MCL 168.861.

We next consider whether the trial court properly granted summary disposition to the township defendants for plaintiffs' quo warranto claim that was

brought pursuant to MCL 600.4545. As previously indicated, MCL 600.4545(1) provides for an action in the nature of quo warranto "whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof." The phrase "material fraud or error" in MCL 600.4545(1) "means fraud or error that 'might have affected the outcome of the election.'" *Barrow*, 290 Mich App at 542, quoting *St Joseph Twp v City of St Joseph*, 373 Mich 1, 6; 127 NW2d 858 (1964). While a "but for" showing is not necessary, the plaintiff's "proofs must be sufficient to support a fact finding that enough votes were tainted by the alleged fraud to affect the outcome." *Barrow*, 290 Mich App at 542. See also *Rosenbrock v Sch Dist No. 3, Fractional*, 344 Mich 335, 339; 74 NW2d 32 (1955) ("It has been repeatedly held by this Court that irregularities in the conducting of an election will not invalidate the action taken unless it appears that the result was, or may have been, affected thereby.").

In this case, plaintiffs claim that two acts by the township clerk involved material fraud or error: (1) the township clerk cut the seal on the ballot container on May 11, 2010, and transferred the ballots to an unapproved ballot bag and (2) the township clerk acted as an election inspector for the May 4, 2010, election. While the actions of the township clerk in cutting the seal was certainly, as the State Bureau of Elections found during their investigation, a violation "of the security provisions of Michigan election law" and constituted "improper conduct," the end result was that the board determined that the election results were not recountable. And the Legislature has provided that if a board of canvassers has determined that ballots from a precinct

are not eligible for a recount (because of a broken or inconsistent seal among other reasons, MCL 168.871[1][a]), the original return of the votes for the precinct shall be taken as correct. MCL 168.871(3)(b). Even though we are fully aware of and dismayed by the fact that the township clerk's actions *caused* the Allegan County Board of Canvassers to not recount the election results, the law simply provides no remedy under these circumstances. The Supreme Court has stated, "The Legislature has evidently decided, however, that the need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original count was erroneous and a recount will be circumvented by election workers." *Ryan v Wayne Co Bd of Canvassers*, 396 Mich 213, 218; 240 NW2d 236 (1976). Thus, under this specific allegation of error, the remedy chosen by the Legislature is not a quo warranto action to void the election, but is instead to uphold the original vote count, which is what the board did. *Id*.

This conclusion does not render the language within MCL 168.861 surplusage. *Robinson v Lansing*, 486 Mich 1, 20-21; 782 NW2d 171 (2010) (restating the rule of statutory construction cautioning courts against construing a statute in a manner "that would render part of the statute surplusage or nugatory") (quotation marks and citation omitted). MCL 168.861 preserves the remedy of quo warranto for cases involving "tampering with the ballots or ballot boxes before a recount." When utilizing either a legal definition or a general one, "tampering" under MCL 168.861 can include many different forms of alteration of ballots or ballot boxes. Assuming, without deciding, that the township clerk's cutting of the ballot container seal before a recount fits the definition of "tampering," said tampering fits within the very narrow circumstances

set forth in MCL 168.871(1) that, when found, would result in the original election count being upheld. For all other possible forms of "tampering with the ballots or ballot boxes before a recount" there lies a potential quo warranto action. Consequently, the foregoing analysis does not render any part of MCL 168.861 surplusage.

With respect to the township clerk acting as an election inspector at the May 4, 2010, election, we note that MCL 168.672 requires a board of at least three inspectors of election at every election, for every precinct. These election inspectors are to be appointed by the city and township board of election commissioners. MCL 168.674. To be appointed an election inspector, a person shall file an application with a city, township, or village clerk in the county where the person wishes to serve as an election inspector. MCL 168.677(1). In addition, the person shall be a qualified voter, be of good reputation, and have sufficient education and clerical ability to perform the duties of the office. *Id.* A person shall not be appointed as an election inspector if the person or any member of the person's immediate family is a candidate for nomination or election or has been convicted of a felony or an election crime. MCL 168.677(3). Further, a person shall not be permitted to act as an election inspector if the person has not attended a school of instruction or passed an examination given by the election commission. *Id.*

There is no dispute that the township clerk acted as an election inspector at the May 4, 2010 election or that she had not been appointed an election inspector for the Saugatuck Township Election Commission. While the township defendants contend that the township clerk nevertheless had the authority to act as an election inspector because, as the township clerk, she was the

election official in charge of the election, such assertion is without merit. MCL 168.778, cited by the township defendants, does state that "[t]he clerk and his or her authorized assistants are . . . officers of election and may be paid for the time spent in the discharge of their duties . . . . However, the Legislature has provided the precise manner in which persons may serve as election inspectors. When the Legislature has provided in MCL 168.677 the method by which a person may serve as an election inspector, a person may not ignore those requirements and serve as an election inspector without first being appointed by the board of election commissioners. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005) (noting that provisions not included by the Legislature should not be included by the courts). Consequently, because the township clerk was not appointed as an election inspector for the May 4, 2010, election, she improperly served as one at the same.

Nonetheless, relief is available under MCL 600.4545(1) only if there was fraud or error at an election that might have affected the election's outcome. *Barrow*, 290 Mich App at 542. In other words, to obtain relief under MCL 600.4545(1), plaintiffs must present proofs sufficient to support a finding that, but for the error of the township clerk acting as an election inspector at the May 4, 2010, election, the election outcome would have been different. *St Joseph Twp*, 373 Mich at 6. Plaintiffs make no argument, much less do they bring to this Court's attention any facts to support an argument, that but for the township clerk acting as an election inspector, the results of the May 4, 2010, election would have been different, i.e., the proposed millage increase would not have passed. There are no facts in the lower court record that would support a finding that the result of the election would

have been different had she not acted as an election inspector. Accordingly, the trial court did not err by granting summary disposition to the township defendants to the extent that plaintiffs' claim for quo warranto relies on its argument that the township defendants failed to follow critical election policies.

In the alternative, plaintiffs claim that quo warranto is warranted under MCL 600.4545 because the voters of Saugatuck Township were misled about the ballot proposal. According to plaintiffs, the voters were misled because they were informed that the millage increase was necessary to defend certain lawsuits, but not told that the legal fees of Saugatuck Township were being substantially funded by donations from a third party. When a ballot proposal is misleading, the remedy is to void the election. *West Shore Community College v Manistee Co Bd of Comm'rs*, 389 Mich 287, 297; 205 NW2d 441 (1973).

The township defendants do not deny that $30,000 was donated by a third party to help with litigation costs. However, there is nothing in the record to suggest that this donation covered the township defendants' legal fees. Evidence presented by plaintiffs, in fact, shows that as of December 2, 2009, Saugatuck Township had incurred more than $41,000 in one litigation, but there is no evidence regarding the amount of legal fees incurred in that litigation after December 2009, or of the amount of legal fees incurred in a separate litigation. Thus, plaintiffs' assertion that the township defendants' legal fees were "substantially funded" by a third party, thus rendering the millage language misleading, is unfounded. Moreover, the millage language merely states that the funds would be "used only for enforcing and implementing applicable laws, ordinances and regulations, including associated planning

expenses and other expenses for attorneys, trials and administrative hearings . . . ." There is no indication that that was not the intended use of the funds. Quo warranto was not justified on the basis of misleading voters.

Finally, plaintiffs argue on appeal that the trial court erred by granting summary disposition to the Board of Canvassers on their claim for mandamus. We disagree.

"[M]andamus is appropriate when (1) the plaintiff has a clear legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other legal or equitable remedy exists that might achieve the same result." *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164-165; 807 NW2d 892 (2011). A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion. *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). If the act requested by the plaintiff involves judgment or an exercise of discretion, a writ of mandamus is inappropriate. *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001).

The trial court in the instant action granted summary disposition to the Board of Canvassers on plaintiffs' claim for mandamus because plaintiffs had another remedy available to them—a claim in the nature of quo warranto. See MCL 600.4545(1) and (3), which grant plaintiffs the right to bring an action in Allegan Circuit Court for any material fraud or error that was committed in the May 4, 2010, election. Plaintiffs do not argue that the trial court erred by holding that because an action in the nature of quo warranto was available to them, they could not maintain a claim for mandamus

against the Board of Canvassers. When an appellant fails to dispute the basis of the trial court's ruling, the Court need not consider granting the appellant the relief it seeks. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).

Regardless, we will briefly address plaintiffs' argument. Plaintiffs claim that the Board violated clear legal duties when it certified the May 4, 2010, election absent an investigation into the township clerk and her deputy clerk acting as election inspectors and absent investigation into the two missing ballot container seals. These two missing seals are seals that were placed on the ballot container on the night of the election. One was placed incorrectly, so it was cut and replaced by a new seal. Also, there was a third seal that was not used but its number was recorded in the poll book.

A county board of canvassers is required to meet after an election, MCL 168.821, and to canvass the returns of votes cast, MCL 168.822(1). Upon completion of its canvass, a county board of canvassers shall certify a statement of the number of votes cast and the manner in which the votes were cast. See MCL 168.824; MCL 168.825; MCL 168.826. Notably, plaintiffs do not rely on any statute, including the above, to claim that the Board of Canvassers violated a clear legal duty. Rather, they rely on the Manual for Boards of County Canvassers, which was issued by the Department of State, Bureau of Elections in June 2008. "In order for an agency regulation, statement, standard, policy, ruling, or instruction of general applicability to have the force of law, it must fall under the definition of a properly promulgated rule. If it does not, it is merely explanatory." *Danse Corp v Madison Hts*, 466 Mich 175, 181; 644 NW2d 721 (2002). Plaintiffs have presented this Court with no argument or evidence to conclude

that the Manual for Boards of County Canvassers has, in fact, been promulgated as an administrative rule under the Administrative Procedures Act, MCL 24.201 *et seq*. Plaintiffs may not rely on an agency's manual which has not been given the force of law to establish clear legal rights and duties for a mandamus claim. Accordingly, the trial court did not err by granting summary disposition in favor of the board on plaintiffs' mandamus claim.

Affirmed.

SERVITTO, P.J., and MARKEY and MURRAY, JJ., concurred.