*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GINA KOZLOWSKI, COLETTE ROSATI, and
TAXPAYERS UNITED MICHIGAN
FOUNDATION,

UNPUBLISHED
August 20, 2019

Petitioners-Appellants,

v

No. 346029
Oakland Circuit Court

CHARTER TOWNSHIP OF WATERFORD,

LC No. 2018-168288-AW

Respondent-Appellee.

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Petitioners seek to invalidate a voter-approved ballot question that levies a special assessment on all non-exempt real property in Waterford Township to provide additional funding to the Township's police and fire departments. Petitioners appeal the trial court's order denying their emergency ex parte application for leave to file a quo warranto complaint that sought to void the election results of the ballot question. We affirm.

At the August 7, 2018 primary election, the residents of respondent, Charter Township of Waterford (the Township), voted in favor of the following ballot proposal:

SPECIAL ASSESSMENT FOR POLICE AND FIRE DEPARTMENTS

Should the Charter Township of Waterford raise money to equip, maintain, and operate the Township Police and Fire Departments by annual special assessment levies of up to 2.95 mills ($2.95 per $1,000.00 of taxable value) on all real property in the Township that is not exempt from property taxes, for a period of 12 years, with the levies to be from 2018 to 2029 to provide funding for the 2019 to 2030 calendar years, and the first 0.425 mills levied in any year dedicated and only usable for the purchase of equipment for the Police and/or Fire Departments? If approved and fully levied in December 2018, the revenue from this special assessment collected in the first year would be $6,032,094.00.

-1-

Approximately a month after the residents voted in favor of the special assessment, petitioners filed an emergency ex parte application for leave to file a complaint for writ of quo warranto pursuant to MCL 600.4545. The trial court held a show cause hearing and ultimately denied petitioners' application for leave to file their quo warranto complaint, concluding that petitioners had "failed to allege any facts that would support a finding that the error alleged was material such that it might have affected the outcome of the election." Petitioners now appeal and argue that the trial court erred in denying their application for leave to file a complaint for writ of quo warranto challenging the special assessment district (SAD) vote. Petitioners argue that the SAD vote was invalid because it was not held at a general election or a special election as required under MCL 41.801(3). We disagree.

"A court's decision whether to grant or deny an application for leave to proceed by quo warranto is reviewed for an abuse of discretion." *Barrow v Detroit Mayor*, 290 Mich App 539, 539; 802 NW2d 658 (2010). "An abuse of discretion occurs only when the trial court's decision falls outside the range of reasonable and principled outcome[s]." *Id.* (citation and quotation marks omitted). "Questions of law, including questions of statutory interpretation, are reviewed de novo on appeal." *Risk v Lincoln Charter Twp Bd of Trustees*, 279 Mich App 389, 396; 760 NW2d 510 (2008).

"Under MCL 600.4545(1), a lawsuit in the nature of a quo warranto action may be brought 'whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof.' " *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 216-217; 880 NW2d 793 (2015), quoting MCL 600.4545(1). "The purpose of such an action is to test the validity of the election itself, and to succeed requires a showing of fraud or error that might have affected the outcome of the election." *Salem Springs, LLC*, 312 Mich App at 216-217 (quotation marks and citation omitted.) "A trial court properly denies an application to proceed by quo warranto when the application fails to disclose sufficient facts and grounds and sufficient apparent merit to justify further inquiry." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 238; 829 NW2d 335 (2013).

"MCL 41.801 permits a township, with approval of the electorate, to impose a special assessment to finance the general operation of its [police and] fire department." *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 317; 683 NW2d 148 (2004). The relevant enabling language of MCL 41.801(3) provides:

> The question of raising money by special assessment may be submitted to the electors of the township or townships by the township board, or township boards acting jointly, at a general election or *special election called for that purpose* by the township board or township boards. The question of raising money by special assessment must be submitted by the township board, or township boards acting jointly, if in the affected township, or in each of the affected townships, the owners of 10% of the land to be made into a special assessment district petition the township board or boards. [Emphasis added.]

When considering the definitions of "special election" and "election" under the current Michigan Election Law, MCL 168.1 *et seq.*, we conclude that the plain language of MCL 41.801(3)

permits such ballot questions to be decided at a primary election. The Township argues that it did not violate MCL 41.801(3) because, when reading the relevant provisions of the Michigan Election Law, the SAD ballot question was voted on at a special election as part of the primary election. We agree.

"[I]t is a well-settled rule of law that, when construing a statute, a court must read it as a whole." *Apsey v Mem Hosp*, 477 Mich 120, 130; 730 NW2d 695 (2007). "If the language is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and a court must enforce the statute as written." *Hanlin*, 299 Mich App at 241. "The fair and natural import of the words used in the statute governs." *Id*. "When interpreting law governing elections, we must construe the statutes as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others." *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 250; 896 NW2d 485 (2016) (citation and quotation marks omitted).

To determine whether the ballot question was voted on at a "special election" for purposes of satisfying MCL 41.801(3), we must look to the definitions found in Michigan's election law scheme. Under MCL 168.4(f), " '[s]pecial election' means an election to elect an individual to, or nominate an individual for, a partial term in office or to submit a ballot question to the electors." Under MCL 168.2(e),[1] " '[e]lection' means an election or primary election at which the electors of this state or of a subdivision of this state choose or nominate by ballot an individual for public office or decide a ballot question lawfully submitted to them." Thus, a special election may be held at a primary election in order "to submit a ballot question to the electors." In this case, the ballot question was submitted for a vote at the primary election, and for purposes of the ballot question, the election qualified under MCL 41.801(3) as a special election held for the purpose of voting on a special assessment for the police and fire departments.

As further support for this conclusion, pursuant to MCL 168.641(3), "a special election shall be held on a regular election date." MCL 168.641(1) provides, in relevant part:

(1) Except as otherwise provided in this section, an election held under this act shall be held on 1 of the following regular election dates:

(a) The May regular election date, which is the first Tuesday after the first Monday in May.

(b) The August regular election date, which is the first Tuesday after the first Monday in August.

(c) The November regular election date, which is the first Tuesday after the first Monday in November.

---

[1] MCL 168.2 was amended on December 28, 2018. The definition of "election" is now MCL 168.2(g).

(d) In each presidential election year when a statewide presidential primary election is held, the date of the statewide presidential primary election as provided in section [MCL 168.613a].

Given the requirements of MCL 168.641(3), a special election must necessarily be held during a regular election date, such as a general or primary election. Thus, in light of the definitions under MCL 168.4(f) and MCL 168.2(e), in addition to the mandatory election dates under MCL 168.641, the Township had the authority to submit the SAD ballot proposal to the voters on the primary election date.

Petitioners agreed in the trial court that the Waterford Township Board of Trustees (the Township Board) could have called for a special election at the primary election. Petitioners argue, however, that it failed to do so, and because the Township Board specifically approved the ballot question for placement on the "primary election ballot," it failed to call a special election for the purpose of submitting the SAD vote to the electors. The Township, however, argues that, despite the fact that the term "special election" was not written on the SAD resolution, the ballot proposal functioned as a special election because the Township Board abided by the requirements for a special election as set forth by Michigan Election Law.

MCL 168.358a provides the following:

The township board of a township may call a special election to be held in the township for the purpose of submitting a ballot question to the electors of the township. A special election shall be held on a regular election date. Notice of the special election shall be given in the same manner required by [MCL 168.653a].

MCL 168.653a provides, in part:

(1) On receipt of the notice from the county clerk pursuant to section [MCL 168.652], the clerk of each city and township shall give notice of the time and place at which the election is to be held, the offices to be filled, and the proposals to be submitted to the voters. The notice shall be published in a newspaper published, or of general circulation, in the city or township. A caption or brief description of the proposal or proposals along with the location where an elector can obtain the full text of the proposal or proposals shall be included in the notice. The publication shall be made not less than 7 days before the election. . . .

Pursuant to MCL 168.358a, the ballot question was submitted to the voters during a regular election date as provided by MCL 168.641(1). Moreover, on July 21, 2018, a notice of election was published, including the time and place at which the August 7, 2018 election would take place; the notice stated that the proposal for the "Special Assessment for Police and Fire Departments" would be included on the ballot. The notice provided a telephone number to contact and a website to visit in order to obtain the full text of the proposal as required by MCL 168.653a. The notice was published in the Oakland Press as well as on their website. On July 26, 2018, a town hall meeting was held for the purpose of discussing the SAD ballot question.

-4-

The Township concedes that the Township Board did not expressly label the notice a "special election" for the purpose of submitting this SAD ballot question, nor did the published notice or resolution state that a special election was to be held. Instead, the Township Board submitted the ballot question to voters on the primary election ballot. Nonetheless, considering the definitions of "election" and "special election," the requirements that a special election be held on a regular election day, and the fact that the Township Board complied with the requirements for holding a special election under MCL 168.653a, no error occurred.

Even if the Township Board erred in failing to properly call a special election in order to submit the SAD ballot question to the voters, petitioners were required to show material fraud or error that might have affected the outcome of the election to succeed in an action for quo warranto. *Salem Springs*, 312 Mich App at 216-217. A circuit court "properly denies an application to proceed by quo warranto when the application fails to disclose sufficient facts and grounds and sufficient apparent merit to justify further inquiry." *Hanlin*, 299 Mich App at 238. In petitioners' emergency ex parte application for leave to file a writ of quo warranto, petitioners' primary allegation that the outcome of the election might have been different was that more voters likely would have voted in the November general election, and therefore, the ballot proposal may have been defeated. This allegation is speculative, and petitioners again fail to set forth sufficient facts to warrant further inquiry; therefore, the circuit court did not err in concluding that petitioners had failed to allege sufficient facts to support a finding that a material error might have affected the outcome of the election.

Affirmed.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron