*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OPEN STORES IN KEEGO HARBOR
COMMITTEE,

        Plaintiff-Appellant,

v

CITY OF KEEGO HARBOR ELECTION
COMMISSION, KEEGO HARBOR CITY CLERK,
and CITY OF KEEGO HARBOR,

        Defendants-Appellees.

UNPUBLISHED
September 1, 2023

No. 367479
Oakland Circuit Court
LC No. 2023-202089-AW

Before: GLEICHER, C.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order denying plaintiff's complaint seeking a writ of mandamus as well as declaratory and injunctive relief.[1] This case concerns plaintiff's petition to amend the Keego Harbor City Charter to establish an application process, selection criteria, and regulations pertaining to two adult-use marijuana retail facilities in the city. Because plaintiff has a clear legal right for its proposal to be placed on the November 7, 2023 ballot, and defendant Keego Harbor City Clerk had a clear legal duty to certify plaintiff's petition, we reverse the circuit court's order denying mandamus relief.

## I. BACKGROUND

Plaintiff is a ballot question committee formed for the purpose of proposing both an ordinance allowing two adult-use marijuana retail facilities in the City of Keego Harbor and a City Charter amendment to establish an application process, selection criteria, and other regulations

---

[1] This Court previously granted plaintiff's motion to expedite this appeal and ordered that this case be submitted to this panel for a decision on the briefs without oral argument. *Open Stores in Keego Harbor Committee v City of Keego Harbor*, unpublished order of the Court of Appeals, entered August 28, 2023 (Docket No. 367479).

pertaining to those facilities. This appeal concerns only plaintiff's petition to amend the City Charter. Defendants are the City of Keego Harbor Election Commission, the City of Keego Harbor (the City), and the City Clerk of Keego Harbor, Tammy Neeb (the City Clerk). Plaintiff circulated its petition to amend the City Charter in June 2023 and obtained 164 signatures, more than the number of signatures required to place the proposal on the ballot under MCL 117.25(1) of the Home Rule City Act (HRCA), MCL 117.1 *et seq*. On June 22, 2023, plaintiff forwarded its petition to the City Clerk. In a letter dated August 2, 2023, the City's attorney informed plaintiff that its petition was rejected because plaintiff failed to comply with Keego Harbor City Charter § 6.8, which required that all petitions be approved by the City Clerk before being circulated for signatures. The letter stated that, because plaintiff did not obtain approval before circulating the petition, its proposed charter amendment would not appear on the November 2023 ballot. The City's attorney mailed the letter via regular U.S. mail and did not e-mail plaintiff's counsel a copy of the letter.

On August 11, 2023 (two days after receiving the hard-copy letter), plaintiff's counsel e-mailed the City's attorney and expressed disagreement with the City's interpretation of City Charter § 6.8. Counsel also advised that plaintiff intended to file a mandamus action to compel the City to place the proposal on the November 2023 ballot. There is no indication that the City's attorney responded to the e-mail. On August 16, 2023, plaintiff filed its complaint for mandamus along with ex parte motions for a temporary restraining order and an order to show cause. The trial court scheduled an August 23, 2023 show cause hearing.

Substantively, plaintiff asserted that City Charter § 6.8 requires preapproval before circulation with respect to initiatory and referendary petitions concerning ordinances only and does not apply to petitions seeking charter amendments. Plaintiff also argued that the HRCA governs the charter amendment initiative process and preempts the City's efforts to regulate that process as recognized under City Charter § 18.6. Defendants disagreed and argued that both plaintiff's ordinance proposal and its charter amendment proposal required preapproval before circulation under City Charter § 6.8. Defendants maintained that because plaintiff obtained preapproval before circulating its ordinance initiatory petition, that proposal was approved and will appear on the November 2023 ballot, whereas plaintiff's petition regarding the charter amendment was rejected because plaintiff failed to obtain preapproval before circulating that petition as required under City Charter § 6.8. In addition, defendants argued that the doctrine of laches barred plaintiff's claims because plaintiff waited until August 16, 2023 to file its complaint without providing any explanation for its delay. Defendants asserted that August 17, 2023 was the deadline for local clerks to certify ballot language to the County Clerk and that the City Clerk had already certified the ballot language to the Oakland County Clerk as required.

The circuit court denied the writ of mandamus and dismissed plaintiff's complaint on the basis that plaintiff failed to obtain preapproval before circulating its petition. The court also determined that laches barred plaintiff's claims because of plaintiff's delay in filing its complaint.

-2-

## II. ANALYSIS

### A. CITY CHARTER § 6.8

We review the provisions of a home rule city charter in the same manner and apply the same rules applicable to the interpretation of statutes. *Barrow v Detroit Election Comm*, 301 Mich App 404, 413; 836 NW2d 498 (2013). We read the provisions in context, according every word its plain and ordinary meaning. *Id*. at 413-414. We must avoid an interpretation that renders any part of a provision nugatory or surplusage. *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich. 65, 71; 894 NW2d 535 (2017). When the language is plain and unambiguous, we apply the language as written and judicial construction is not permitted. *Barrow*, 301 Mich App at 414.

Reading the City Charter provisions in context, it is clear that City Charter § 6.8 applies to initiatory and referendary petitions concerning ordinances and not to petitions proposing charter amendments. Section 6 of the Charter is titled "CITY LEGISLATION," and begins with § 6.1, titled "Ordinance Enactment." The provisions following § 6.1 pertain to ordinances generally. Section 6.7 states that "[a]n *ordinance* may be initiated by petition, or a referendum on an *ordinance* enacted by the council may be had, by a petition, *as hereinafter provided*." (Emphasis added.) Immediately thereafter, § 6.8 provides, in relevant part:

> An initiatory or a referendary petition shall be signed by not less than twenty-five (25) percent of the registered electors of the city, who have signed said petition within six (6) months before date of filing the petition with the clerk. Before being circulated for signatures, all such petitions shall be approved as to form by the clerk. . . .

Section 6.9 sets forth the procedure that the City Council must follow after receiving a petition, and states as follows:

> Upon receiving such initiatory or referendary petition from the clerk, the council shall within thirty (30) days, either:
>
> (a) If it be an initiatory petition, adopt the *ordinance* as submitted in the petition;
>
> (b) If it be a referendary petition, repeal the *ordinance* to which the petition refers; or
>
> (c) Determine to submit the proposal to the electors. [Emphasis added.]

Accordingly, reading § 6.8 in context, the provision applies to initiatory and referendary petitions concerning ordinances and not charter amendments. Section 18.6, pertaining specifically to charter amendments, supports this interpretation and states that "[t]his Charter maybe [sic] amended at any time in the manner provided in Public Act No. 279 of 1909 (MCL 117.1 et seq., MSA 5.2071 et seq.), as amended," i.e., the HRCA. Thus, § 18.6 and the provisions of § 6, read in context, clearly indicate that § 6.8 does not apply to petitions concerning proposed charter amendments.

## B. LACHES

We review de novo a trial court's decision to apply the doctrine of laches. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013). "Laches is an equitable tool used to provide a remedy for the inconvenience resulting from the plaintiff's delay in asserting a legal right that was practicable to assert." *Id*. at 115. "The doctrine of laches arose from the requirement that a complainant in equity must come to the court with a clean conscience, in good faith, and after acting with reasonable diligence." *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 410; 964 NW2d 846 (2020). "Although timing is important, laches is not triggered by the passage of time alone; rather, it is the prejudice occasioned by the delay that justifies application of the doctrine to bar a claim." *Id*. In order to assert laches as an affirmative defense, the defendant must demonstrate prejudice as a result of the plaintiff's delay in filing suit. *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 589; 939 NW2d 705 (2019). "The defendant bears the burden of proving that the plaintiff's lack of diligence prejudiced the defendant sufficiently to warrant application of the doctrine of laches." *Bayberry Group, Inc*, 334 Mich App at 410.

Plaintiff argues that it did not delay in filing its complaint and that the circuit court erred by applying laches to bar its claims. We agree. Plaintiff submitted its petition to the City Clerk on June 22, 2023. Forty-one days later, on August 2, 2023, the City's attorney advised plaintiff via a letter presumably mailed that day that plaintiff's petition was rejected because plaintiff failed to obtain preapproval before circulating the petition as required under City Charter § 6.8. As previously discussed, the City's determination in this regard was erroneous. Plaintiff did not receive the letter until August 9, 2023. On August 11, 2023, plaintiff e-mailed the City's attorney and expressed disagreement with the City's interpretation of § 6.8. There is no indication that the City's attorney responded to the e-mail. Plaintiff filed its complaint on August 16, 2023, one day before the August 17, 2023 statutory deadline for the City Clerk to certify the ballot wording to the County Clerk under MCL 168.646a(2). Therefore, plaintiff did not sleep on its rights as defendants contend.

Moreover, defendants have failed to demonstrate that they were prejudiced as a result of plaintiff's purported delay in filing suit. Again, we note that plaintiff filed its complaint before the August 17, 2023 deadline for the City Clerk to certify the ballot wording to the County Clerk. In addition, plaintiff submitted its petition to the City Clerk on June 22, 2023, nearly two months before the August 17, 2023 deadline. The City failed to inform plaintiff that its petition had been rejected until August 2, 2023 and did so via regular mail rather than a speedier form of communication that would have immediately alerted plaintiff of the City's determination. Further, as previously noted, there is no indication that the City's attorney responded to plaintiff's August 11, 2023 e-mail. Accordingly, defendants acted with unclean hands and are therefore not entitled to assert laches as a defense. "A party with unclean hands may not assert the equitable defense of laches." *Attorney Gen v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 52; 783 NW2d 515 (2010).

## C. MANDAMUS

We review for an abuse of discretion a trial court's decision denying a writ of mandamus. *Warren City Council v Buffa*, 333 Mich App 422, 429; 960 NW2d 166 (2020). "Mandamus is the

proper remedy for a party aggrieved by an election official's inaction." *Protecting Mich Taxpayers v Bd of State Canvassers*, 324 Mich App 240, 244; 919 NW2d 677 (2018). A writ of mandamus is an extraordinary remedy that should be issued only if: (1) the party seeking the writ has a clear legal right to the performance of the act sought, (2) the defendant has a clear legal duty to perform the act, (3) the act is ministerial and does not require the exercise of judgment or discretion, and (4) there exists no other adequate remedy. *Citizens Protecting Michigan's Constitution v Secretary of State*, 324 Mich App 561, 583-584; 922 NW2d 404 (2018), aff'd 503 Mich 42 (2018). "Although the trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion, this Court reviews de novo the first two elements—the existence of a clear legal right and a clear legal duty—as those are questions of law." *Warren City Council*, 333 Mich App at 429. "A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013). "If the act requested by the plaintiff involves judgment or an exercise of discretion, a writ of mandamus is inappropriate." *Id*.

Plaintiff has a clear legal right to the certification of its petition for placement on the November 2023 ballot, and the City Clerk had a clear legal duty to certify the petition. The act is ministerial and requires no exercise of judgment or discretion. Further, there exists no other adequate remedy. In this regard, we note that plaintiff's petition proposing a charter amendment is not duplicative of its ordinance initiatory petition. Plaintiff's ordinance initiatory petition proposed an ordinance pursuant to § 6(1) of the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, to provide for two adult-use marijuana retail establishments in the City. Plaintiff's petition to amend the City Charter, circulated and submitted pursuant to City Charter § 18.6 and MCL 117.21 and MCL 117.25 of the HRCA, provides for the application process, regulation, and licensure of the two adult-use marijuana retail establishments at issue in the ordinance initiatory petition. Therefore, the two petitions are not duplicative and are in fact complementary.

## III. CONCLUSION

City Charter § 6.8 did not require plaintiff to obtain preapproval of its petition proposing a charter amendment under City Charter § 18.6 and the HRCA before circulating the petition. In addition, defendants were not entitled to assert the equitable doctrine of laches as a defense to plaintiff's claims because plaintiff was not dilatory in asserting its claims, defendants were not prejudiced as a result of any purported delay, and defendants acted with unclean hands. Finally, plaintiff has satisfied all of the requirements for mandamus relief. Accordingly, we direct the City Clerk to immediately certify plaintiff's proposal to the Oakland County Clerk for inclusion on the November 7, 2023 ballot.

A public question being involved, no costs may be taxed under MCR 7.219.  This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Sima G. Patel