*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERMAINE TURNER,

        Plaintiff-Appellant,

v

ACCEPTANCE INDEMNITY INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
February 18, 2026
9:43 AM

No. 373476
Wayne Circuit Court
LC No. 23-015201-NF

Before: FEENEY, P.J., and GARRETT and BAZZI, JJ.

PER CURIAM.

Plaintiff, Termaine Turner, sought personal protection insurance (PIP) benefits from defendant, Acceptance Indemnity Insurance Company (Acceptance), following a motor-vehicle accident. Acceptance denied Turner's claim on the basis that he was not driving the vehicle covered under the policy when the accident occurred. The trial court agreed with Acceptance and granted summary disposition in its favor. Turner appeals by right the trial court's order. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Turner was involved in a motor-vehicle accident on May 26, 2021, in Las Vegas, Nevada. At the time of the accident, Turner was driving a 2006 Nissan Altima that a friend of his children's mother owned. Turner was injured in the accident and transported to the hospital. He claimed PIP benefits from USA Underwriters, which insured a 2014 Chevy Cruze that he owned, but USA Underwriters had canceled the policy before the accident because Turner failed to pay the premium. Turned filed a lawsuit against USA Underwriters, which culminated in this Court's determination that USA Underwriters's notice of cancellation of the policy was unconditional, precluding PIP benefits. *Turner v USA Underwriters*, unpublished per curiam opinion of the Court of Appeals, issued December 14, 2023 (Docket No. 363280), pp 2-4.

Meanwhile, Turner filed the instant action for PIP benefits against Acceptance, the insurer of his 2008 Peterbilt tractor that he used for work. Turner's policy with Acceptance covering the

-1-

tractor was a non-trucking liability automobile policy, or "bobtail" policy.[1] The certificate of insurance included in the policy stated that the policy coverages, including PIP coverage, applied "only to the Specified 'Auto' or 'Autos' below," and only the 2008 Peterbilt tractor was listed. The policy also described a "Covered Auto" as "[o]nly those 'autos' " listed on the certificate.

Acceptance moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that bobtail policies provide coverage for an insured while the insured is driving the covered auto for personal use. Acceptance asserted that Turner's policy did not provide coverage while Turner was driving a non-covered auto such as the vehicle involved in the accident. Relying on the language of the policy, Acceptance argued that only the Peterbilt tractor was listed as a specified, covered auto and that Turner testified he purchased the tractor for work purposes. According to Acceptance, the clear language of the policy afforded coverage only when Turner drove the tractor for personal use because the policy specified that the tractor was the only auto covered and it excluded coverage when the tractor was used for business purposes. Acceptance relied on *Alesevic v Gordon*, unpublished per curiam opinion of the Court of Appeals, issued June 30, 2022 (Docket No. 358507), which it claimed involved the same policy at issue in this case.

In response, Turner argued that no-fault coverage in Michigan is linked to the individual and not the vehicle, and Acceptance could not limit statutorily-required PIP coverage to the use of certain vehicles as this Court determined in *MemberSelect Ins Co v Hartford Accident & Indemnity Co*, 343 Mich App 377; 997 NW2d 267 (2022). Turner distinguished *Alesevic* on the basis that the plaintiff in that case was a named insured on a different policy and was not without PIP coverage, while Acceptance was Turner's sole PIP carrier, and MCL 500.3114(1) required him to seek benefits from Acceptance. Further, he maintained that even if Acceptance could limit PIP benefits to accidents involving the insured vehicle, the PIP endorsement did not so limit PIP coverage or, at a minimum, the policy was ambiguous.

Acceptance filed a reply brief, arguing that non-trucking policies do not simply "opt out" of PIP coverage, but rather, they exclude PIP coverage in circumstances not applicable to the limited purpose of the policy, and courts have long recognized the exclusion in such policies. Acceptance emphasized the limited purpose of a non-trucking policy—to provide coverage only when the tractor is being driven without a trailer, or with an empty trailer, for personal use and not for business purposes. Interpreting the policy under contract-interpretation principles, Acceptance maintained that it did not provide coverage in the scenario presented in this case. Further, Acceptance asserted that Turner "contracted for a specific-use insurance policy" that limited coverage to his operation of the tractor for personal use.

The trial court determined that Turner's non-trucking policy was a specific, limited policy that provided PIP coverage only when he drove the tractor for non-business purposes. The court opined that Turner was "supposed to get the PIP" from USA Underwriters, which insured his Chevy Cruze, but he allowed that insurance to lapse and instead tried to expand his policy with Acceptance to provide PIP benefits notwithstanding that the accident did not involve the Peterbilt

---

[1] "Generally, a 'bobtail' policy is a policy that insures the tractor and driver of a rig when it is operated without cargo or a trailer." *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 22 n 1; 800 NW2d 93 (2010) (quotation marks and citation omitted).

tractor. The court determined that only the tractor was a covered auto under the Acceptance policy, and the policy provided PIP coverage only if the accident involved the tractor. The court rejected Turner's argument that the no-fault act, MCL 500.3101 *et seq.*, prohibited Acceptance from limiting PIP coverage to certain vehicles. The court therefore granted Acceptance's motion for summary disposition.

Turner moved for reconsideration, arguing that Acceptance could not limit PIP coverage simply because the policy was a non-trucking policy, and the language of the PIP endorsement, which he claimed provided coverage, prevailed over the policy's general provisions. The trial court denied the motion, stating that the policy restricted PIP coverage to "a particular commercial vehicle" when that vehicle was operated for personal use, which the court opined did not contravene Michigan no-fault or contractual law. The court stated that the plain language of the endorsement applied only to the "covered auto"—the Peterbilt tractor—and "coverage simply does not apply." The court further stated that "insurers can sell insurance policies that do not include mandatory no-fault coverages." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo issues involving statutory interpretation. *Jostock v Mayfield Twp*, 513 Mich 360, 368; 15 NW3d 552 (2024). We also review de novo a trial court's decision on a motion for summary disposition. *Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 55; 744 NW2d 174 (2007). Acceptance moved for summary disposition under both MCR 2.116(C)(8) and (C)(10), and the trial court did not indicate on which provision it relied in granting Acceptance's motion. Because the court relied on evidence outside the pleadings, however, review is appropriate under subrule (C)(10). "Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10)." *Id*.

A motion under MCR 2.116(C)(10) tests the factual support of the plaintiff's complaint. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). In deciding a motion under subrule (C)(10), a court considers the pleadings, affidavits, depositions and other evidence in the light most favorable to the nonmoving party. *Hanlin v Saugatuck Twp*, 299 Mich App 233, 239; 829 NW2d 335 (2013). Summary disposition is appropriate if the evidence fails to establish a genuine issue of material fact for trial, and the moving party is entitled to judgment as a matter of law. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (citation omitted).

## III. DISCUSSION

Under the no-fault act, PIP coverage is mandatory. *Meemic Ins Co v Fortson*, 506 Mich 287, 298; 954 NW2d 115 (2020). MCL 500.3101(1) states that "the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . ." MCL 500.3105(1) requires an insurer to pay PIP benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." In addition, MCL 500.3114(1) provides that a PIP policy "described in section 3101(1) applies to accidental bodily injury *to the person named in the*

*policy . . .* if the injury arises from a motor vehicle accident." (Emphasis added). Because PIP coverage is mandatory, the statute is the "rule book" for courts deciding issues involving such coverage. *Meemic*, 506 Mich at 298 (citation omitted). "When a contractual provision in an insurance policy conflicts with a statute, the contractual provision is invalid and the contract must be reformed." *State Farm Mut Auto Ins Co v Estate of Fortin*, 350 Mich App 21, 31; ___ NW3d ___ (2024) (quotation marks and citation omitted).

In *MemberSelect*, 343 Mich App at 379, Michael McGilligan was injured while servicing Nicholas Nannoshi's vehicle, which fell on top of him. McGilligan was insured under a commercial automobile no-fault insurance policy issued by Hartford Accident & Indemnity Company (Hartford) to McGilligan, doing business as McGilligan Plumbing and Heating. *Id*. The PIP endorsement to the policy provided PIP coverage only "when a 'covered auto'—one specifically identified as covered in the policy—was involved in the injury-causing event." *Id*. at 379-380. Hartford denied McGilligan's claim for PIP benefits on the basis that a covered auto was not involved in the incident that caused McGilligan's injuries. *Id*.

McGilligan then sought PIP benefits from MemberSelect Insurance Company (MemberSelect), the insurer of Nannoshi's vehicle. *Id*. at 380. MemberSelect paid PIP benefits to McGilligan and thereafter sought reimbursement from Hartford, which again denied coverage. MemberSelect filed suit against Hartford, and the trial court granted summary disposition in Hartford's favor. *Id*. This Court reversed, reasoning that McGilligan was an "insured" under Hartford's policy. *Id*. at 383. We further stated as follows:

> Hartford makes much of the fact that it sold McGilligan a "commercial" policy that included a designation ("07") indicating that PIP coverage applied only to "specifically described 'autos' " in the policy—the autos owned or insured by McGilligan. This policy language does not overcome the statutory requirement that Hartford must pay PIP benefits to "the person named in the policy." Hartford cannot opt out of the statutory PIP requirement by designating autos instead of people for PIP coverage; doing so would contravene the cardinal rule under the no-fault act that persons, not motor vehicles, are insured against PIP loss. And, we note, the Legislature has not created a "commercial policy" exception to MCL 500.3114(1). [*Id*.]

Finally, we recognized that "[i]f insurers try to avoid the provision of mandatory no-fault benefits, their policies must be read to conform with the statutes," and concluded that "Hartford attempted to avoid its duty to provide PIP coverage for the insured named in its policy." *Id*. at 387.

*MemberSelect* is on all fours with the instant case. Turner was the "person named in the policy" as stated in MCL 500.3114(1). The non-trucking automobile coverage form included a designation "10," meaning that only the "autos" listed on the certificate of insurance were "covered autos." Turner's 2008 Peterbilt tractor was the only auto listed. The certificate of insurance also indicated that PIP coverage was included in the policy, and a PIP endorsement accompanied the policy. As in *MemberSelect*, Acceptance cannot opt out of mandatory PIP coverage by designating autos rather than people for PIP coverage. "A central tenet of Michigan's no-fault act . . . is that when it comes to personal protection insurance (PIP) coverage, "persons, not motor vehicles, are insured against loss.' " *MemberSelect*, 343 Mich App at 378-379 (quotation marks and citation

omitted). As previously noted, MCL 500.3114(1) states that "a personal injury protection insurance policy . . . applies to accidental bodily injury *to the person named in the policy* . . . ." (Emphasis added). Because the Acceptance policy conflicts with the statute, the contractual limitation of PIP benefits only to accidents involving the Peterbilt tractor is invalid, and the contract must be reformed to comply with the statute. *State Farm Mut Auto Ins Co*, 350 Mich App at 31.

Acceptance argues that the facts of this case are indistinguishable from *Alesevic*, which Acceptance maintains involved the same policy at issue in this case. In *Alesevic*, Acceptance insured the plaintiff, Haris Alesevic, under a bobtail policy pertaining to his 2007 Volvo tractor. *Alesevic*, unpub op at 2. Alesevic was also a named insured on a policy issued by Progressive Michigan Insurance Company (Progressive). *Id*. Alesevic was injured while a passenger in another vehicle after the vehicle crashed through a fence and into a pole in a parking lot. *Id*. at 1-2. Acceptance argued that it was not responsible for providing PIP benefits to Alesevic because its policy applied only to accidents involving the Volvo tractor. Acceptance also argued that an exclusion in the PIP endorsement applied because Alesevic was a named insured on the Progressive policy. The trial court granted Acceptance's motion for summary disposition. *Id*.

On appeal, Progressive argued that it and Acceptance were in the same order of priority to provide coverage because Alesevic was a named insured on his policy with Acceptance, and the PIP endorsement in Acceptance's policy stated it would provide PIP benefits consistent with the no-fault act if Alesevic was injured in an accident "that resulted from the use of 'an auto' as 'an auto,' " which included the vehicle involved in the accident. *Id*. at 3. This Court disagreed, stating that the language of the certificate of insurance in Acceptance's policy "plainly and unambiguously" precluded coverage if the accident did not involve the Volvo. *Id*. This Court also determined that the language of the PIP endorsement did not broaden the language in the certificate of insurance to provide PIP coverage for injuries caused by accidents that did not involve the Volvo. *Id*. at 4. Further, this Court stated that even if the PIP endorsement applied, it excluded coverage if the injured person was a named insured under another policy, and Alesevic was a named insured on Progressive's policy. *Id*. at 4-5. Finally, this Court rejected Progressive's argument that, because the no-fault act mandates PIP coverage, the named-insured exclusion was unenforceable. Relying on *Johnson v USA Underwriters*, 328 Mich App 223; 936 NW2d 834 (2019), this Court opined that the no-fault act does not require every insurer to provide mandatory coverages, and an insurer is free to sell only optional insurance coverage. *Alesevic*, unpub op at 5-6.

Notably, this Court decided *Alesevic* before it issued its published decision in *MemberSelect*, which we are bound to follow. See MCR 7.215(J)(1). Moreover, *MemberSelect* focused on the language of MCL 500.3114(1), which states that PIP coverage applies "to the person named in the policy" rather than to a vehicle listed on the policy. Finally, we note that although this Court in *Johnson* stated that an insurer is free to sell optional coverages only,

Acceptance did not sell optional coverages only. Rather, it sold Turner a policy that included PIP coverage, and the no-fault act provides that PIP coverage applies to people and not to vehicles. Accordingly, the trial court erred by granting Acceptance's motion for summary disposition.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Kristina Robinson Garrett
/s/ Mariam S. Bazzi